DECISION AND JUDGMENT ENTRY
{¶ 1} Carl Michael Yates appeals the trial court's denial of his Civ.R. 60(B) motion for relief from judgment. Yates contends that the trial court abused its discretion by denying his motion for relief because he was denied his right to counsel and the court admitted improper hearsay evidence at the final hearing. We reject Yates's contentions and conclude that Civ.R. 60(B) cannot be used as a substitute for an appeal. Accordingly, while these purported legal errors may have formed the basis for a successful appeal, a Civ.R. 60(B) motion is an improper mechanism in which to seek relief from them.
 I. Procedural History {¶ 2} Hocking County Children Services (HCCS) filed two complaints alleging that Adreyn Yates (D.O.B. November 27, 1996), and Savanna Yates (D.O.B. October 28, 1998) were sexually abused minor children. Yates, who is the children's natural father, was present at the initial appearance where the court advised him of the right to be represented by counsel and the right to court appointed counsel.
 {¶ 3} Yates retained John Wallace as counsel and paid him a retainer of $750. Wallace was to draw from the retainer at a rate of $75.00 per hour for his services. On August 8, 2003, almost two months after Yates' initial retainer payment, Wallace requested another $1,000 retainer from Yates in order to take the matter to hearing. Yates refused to pay the additional retainer, and Wallace filed a motion to continue the final hearing along with a motion to withdraw as counsel. The trial court granted Wallace's motion to continue the final hearing but denied his motion to withdraw. Wallace again requested a $1,000 retainer from Yates. Yates refused, and Wallace filed a second motion to withdraw on October 22, 2003, which the court granted on Monday, October 27, 2003. That same day, the court sent a notice to the parties that the final hearing would be held on November 4, 2003.
 {¶ 4} On October 31, 2003, Wallace mailed an envelope containing a signed copy of the judgment entry granting his motion to withdraw. Yates received it the same day. On the following Monday, November 3, 2003, Yates met with attorney Thomas Lipp to discuss the possibility of Lipp representing him at the final hearing the next day.
 {¶ 5} At the November 4, 2003, hearing, Lipp appeared on behalf of Yates and requested a continuance. After, the court denied this request, Lipp left the courtroom, and the hearing proceeded with Yates being unrepresented.
 {¶ 6} The court heard testimony from Gale Horner, a nurse practitioner, who testified that she observed signs of sexual abuse upon her examination of the children. The court entered its judgment on November 17, 2003, finding that the children were abused because they were victims of sexual activity.
 {¶ 7} Nearly one year after the trial court's judgment entry, Yates filed a Civ.R. 60(B) motion on November 12, 2004. Yates argued that he was entitled to relief under Civ.R. 60(B) because he was denied his statutory and legal right to counsel. At the oral hearing on the motion, Yates testified that he did not sexually abuse his daughters. Sandra Brandon, the children's guardian ad litem, testified that the children had given inconsistent statements to case workers concerning the alleged sexual abuse. However, she further testified that it is common for children to not open up about sexual abuse initially.
 {¶ 8} The trial court denied Yates's motion after concluding that from the date Yates first learned that Wallace planned on withdrawing as counsel until the date of the final hearing, Yates had a sufficient amount of time to acquire new counsel, request court appointed counsel, or resolve any issues with Wallace. The court also noted that Yates had waited almost a year to file the Civ.R. 60(B) motion.
 {¶ 9} On appeal, Yates asserts the following assignment of error:
THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT, CARL M. YATES'S MOTION FOR RELIEF FROM JUDGMENT WHEN, IN AN ABUSE PROCEEDING, THE NATURAL FATHER WAS EFFECTIVELY DENIED HIS RIGHT TO COUNSEL AND ALL ALLEGATIONS OF ABUSE WERE PREDICATED ON INADMISSABLE HEARSAY IN VIOLATION OF STATE V. BOSTON.
 II. Motion for Relief from Judgment {¶ 10} Yates contends that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because he was denied his right to counsel at the final hearing, and because the record contains hearsay statements that could have been objected to if he had been represented by counsel. Thus, he contends he is entitled to relief under either Civ.R. 60(B)(1), (4), or (5).
 {¶ 11} Under Civ.R. 60(B), the court may relieve a party from a final judgment due to: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).
 {¶ 12} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the existence of a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. Buckeye Fed. S. L.Assn. v. Gurlinger (1991), 62 Ohio St.3d 312, 314,581 N.E.2d 1352; GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If the movant does not satisfy all three requirements, the court must overrule the motion. Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351, 453 N.E.2d 648.
 {¶ 13} The question of whether Civ.R. 60(B) relief should be granted is addressed to the sound discretion of the trial court and its determination should be reversed only upon a showing of an abuse of such discretion. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blackmore v.Blackmore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court; but rather, it must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 A. Meritorious Defense {¶ 14} In order to prevail on his motion for relief from judgment, Yates must first show that he has a meritorious claim or defense. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564.
 {¶ 15} In support of his motion, Yates contends that he was denied his right to counsel, and the trial court improperly admitted hearsay evidence. While these contentions may have formed the basis for an appeal, neither of them constitutes a meritorious defense to the allegation that his children are abused children. Civ.R. 60(B) is not a substitute for a direct appeal, in that no issue that can properly be raised on appeal can be used as a basis for Civ.R. 60(B) relief. See, Colley v.Bazell (1980), 64 Ohio St.2d 243, 245, 416 N.E.2d 605, 607.
 {¶ 16} Accordingly, because Yates has failed to establish the existence of a meritorious defense, his motion for relief cannot succeed, and the trial court did not err in denying the motion. This conclusion alone supports denying the motion. Svoboda,
supra.
 B. Entitlement to Relief {¶ 17} Next, we look to see if Yates established grounds for relief under Civ.R. 60(B)(1), (4), or (5). First, Yates contends that he is entitled to relief under Civ.R. 60(B)(1) based on excusable neglect because the trial court denied his right to counsel. Yates contends that he did not have enough time to seek new counsel before his final hearing, and the trial court erred in denying his request for a continuance at that hearing.
 {¶ 18} The trial court concluded the reason Yates had to appear without counsel was not due to excusable neglect. The court's findings, which are supported by the record, indicate that Wallace sent Yates a letter on August 8, 2003, informing him of the fee dispute. This was 38 days prior to the original hearing date of September 16, 2005. Wallace sought and received a continuance on September 15, 2007, and the matter was rescheduled for November 4, 2003. During all this time, Yates did nothing to resolve the fee dispute with Wallace nor did he seek other counsel or ask for court appointed counsel. The trial court's conclusion that it was unreasonable for Yates to have failed to resolve the problems with counsel during the period of the continuance is justified. In essence, the court concluded the neglect was not excusable. This decision is not arbitrary, unreasonable or capricious.
 {¶ 19} Yates also contends that he is entitled to relief because the trial court admitted hearsay evidence from a nurse practitioner at the final hearing. Again, this purported legal error should have been raised by an appeal. Civ.R. 60(B) is not the proper mechanism to address this argument.
 {¶ 20} Second, Yates contends that he is entitled to relief under Civ.R. 60(B)(4), which deals with satisfaction of the judgment, the role of a prior use in arriving at the judgment and inequitable forward application of the judgment. See, Fink, Greenbaum and Wilson, Guide to the Ohio Rules of Civil Procedure, (2006 Ed.), Section 60:9. Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986), 24 Ohio St.3d 141, 146. Civ.R. 60(B)(4) does not apply to any of the issues in this case. Here, the judgment has not been satisfied, released, or discharged. Nor has, a prior judgment upon which this judgment is based been reversed or vacated. And, there is nothing in the record to indicate that it is no longer equitable for the judgment to have prospective application. Furthermore, Yates was not subject to a set of circumstances that he could not control. As stated above, he had almost three months in which he could have retained new counsel or resolved the conflicts with his first counsel.
 {¶ 21} Third, Yates contends that he is entitled to relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment." "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)." State ex. rel. Minnis v. Lewis (1993), Franklin Co. App. No. 93AP-812, 1993 WL 546584, at p. 2, citingCaruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. A motion on this basis should be granted in extraordinary circumstances where the interests of justice require it. Salem v. Salem (1988), 61 Ohio App.3d 243,245-246, 572 N.E.2d 726. Yates has not produced any "extraordinary circumstances" in this case to warrant the use of Civ.R. 60(B)(5).
 C. Time Requirements {¶ 22} Because the court did not expressly reject the motion on this basis, we need not address it.
 D. JUDGMENT AFFIRMED {¶ 23} Based on the foregoing, we conclude that the trial court did not act in an unreasonable, arbitrary, or unconscionable manner in denying Yates's motion for relief from judgment. Accordingly, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.