DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment that denied Civ. R. 60(B) relief to Deborah Jean Wine, plaintiff below and appellant herein, from a dissolution decree granted to her and to her ex-husband, Robert Dean Wine, defendant below and appellee herein.
 {¶ 2} Appellant assigns the following errors for review and determination:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT [CIV.R. 60(B)] RELIEF FROM JUDGMENT IN A [PRO SE] DISSOLUTION WHERE IT WAS APPARENT THAT THERE WERE GROSS INEQUALITIES IN THE DISTRIBUTION OF ASSETS AND DEBTS, THAT THE VALUE OF ALL ASSETS AND LIABILITIES WERE NOT DISCLOSED, IN CONTRADICTION WITH R.C.3105.63(A)(1) [sic]."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS AUTHORITY WHEN IT REQUIRED THE MOVING PARTY TO PROVE ITS CLAIM RATHER THAN RECOGNIZING THE STANDARD OF `THE PURPOSE OF THE HEARING IS TO PERMIT THE MOVING PARTY TO CARRY ITS [BURDEN OF PERSUASION] CONCERNING THE CLAIM OR DEFENSE AFTER IT HAS BEEN SUFFICIENTLY RAISED AND SUPPORTED BY SOME EVIDENCE . . ."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS AUTHORITY BY FAILING TO GRANT APPELLANT'S 60(B) MOTION WHERE IT WAS APPARENT THAT THERE WAS NO MEETING OF THE MINDS REGARDING THE TERMS OF THE SEPARATION AGREEMENT REFLECTED BY THE EGREGIOUS DISPARITY IN ASSET DISTRIBUTION, THE ABSENCE OF VALUES OF THE PARTIES' MATERIAL ASSETS, AND FAILING TO ORDER A PARTIAL VACATION OF THE JUDGMENT FOR THE REVIEW AND RECONSIDERATION OF THE SEPARATION AGREEMENT."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS AUTHORITY BY DISMISSING APPELLANT'S 60(B) MOTION BY FAILING TO RECOGNIZE THAT THE SEPARATION AGREEMENT IN THIS [PRO SE] DISSOLUTION WAS PROCURED BY FRAUD, DURESS, OVERREACHING OR UNDUE INFLUENCE."
 {¶ 3} The parties married on March 9, 1974. In July 2004, they separated. Eight months later, they filed a joint pro se petition for dissolution of marriage that included a separation agreement and a property settlement. They also filed waivers of representation and appraisal or valuation of property and acknowledged that the property distribution "may not be exactly equal."
 {¶ 4} At the March 15, 2005 hearing, both parties assented to the property settlement's terms. That same day, the trial court granted a dissolution of marriage and adopted the terms of the separation agreement.
 {¶ 5} Several months later, appellant sought legal assistance to draft a qualified domestic relations order (QDRO).[1] Shortly thereafter, appellant filed a Civ. R. 60(B)(1)(3) (5) motion to seek relief from the dissolution decree. Appellant argued that she is entitled to relief because of the great "economic disparity" in the separation agreement's property distribution and that she agreed to the terms because she was unrepresented by counsel, suffered from emotional duress and excusable neglect and received threats from appellee.
 {¶ 6} A hearing before the magistrate occurred over several days in September and October 2005. The parties offered differing accounts concerning the property settlement's alleged disparity and the alleged duress. The magistrate concluded that appellant had been under stress and duress when she consented to the property settlement and that the agreement did not fully address their assets and debts. Thus, the magistrate recommended that appellant be granted relief from judgment under Civ. R. 60(B)(5).
 {¶ 7} Appellee objected to the magistrate's report and recommendations. After the trial court reviewed the matter, it sustained appellee's objections, overruled the magistrate's recommendations and ordered that the separation agreement be "restored, in toto." This appeal followed.
 I {¶ 8} Before we address the merits of the assignments of error, we pause to address the appropriate standard of review. A Civ. R. 60(B) motion for relief from judgment is generally committed to the trial court's sound discretion and its ruling should not be disturbed absent an abuse of that discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153, 684 N.E.2d 1237; Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins.Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyardby Marriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. When appellate courts apply the abuse of discretion standard, they must not substitute their judgment for that of the trial court. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181. Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; Adams v. Adams, Washington App. No. 05CA63, 2006-Ohio-2897, at ¶ 6. With these principles in mind, we turn our attention to the merits of the assignments of error.
 II {¶ 9} We jointly consider appellant's first, third and fourth assignments of error because they all involve, for one reason or another, the trial court's decision to deny appellant's Civ. R. 60(B) motion for relief from judgment.
 {¶ 10} To prevail on a Civ. R. 60(B) motion, a movant must establish (1) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); (2) a meritorious claim or defense if relief is granted; and (3) that the motion is made within a reasonable time. See State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134;GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, at paragraph two of the syllabus. A failure to establish any one of the criteria will cause the motion to be denied. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.
 {¶ 11} Here, there is no question that appellee timely filed the Civ. R. 60(B) motion. Appellee filed the motion approximately two months after the judgment. Establishing the other two requirements is considerably more problematic, however.
 {¶ 12} With respect to the requirement concerning entitlement to relief, appellant raised claims of mistake, excusable neglect, fraud and duress. The evidence, however, revealed that appellee is barely literate and that appellant handled their financial affairs. Thus, it difficult to claim mistake with respect to the value or the extent of their joint assets because appellant kept track of those assets during the parties' marriage.
 {¶ 13} Appellant also argues that it was a mistake to execute the forms because she and her ex-husband requested the dissolution pro se, without the benefit of counsel who could have explained the process to them. We are not persuaded. Both sides executed waiver of counsel forms and voluntarily opted to proceed without counsel. Appellant cannot undo that decision simply because, in retrospect, she now believes that she would have proceeded differently.
 {¶ 14} With regard to appellant's fraud claim, appellant has not cited any evidence to establish that appellee defrauded her, and we have found none in our review. We again point out that appellant handled the couple's finances and it is particularly difficult to show that appellee somehow tricked or misled her concerning their assets.
 {¶ 15} Appellant also argued that she is entitled to relief on grounds of excusable neglect. Two of appellant's witnesses (Jennifer Lowe and Cheryl Higgins) testified that they advised her to seek legal counsel before she agreed to a property settlement. Appellant, however, wanted to terminate the marriage as quickly as possible. Appellant also admitted in a deposition that prior to the final dissolution hearing, she believed the property settlement to be unfair. Nevertheless, apparently in her haste to terminate the marriage, she agreed to its terms. This, unfortunately, is not an uncommon occurrence. Many litigants in the throes of marital discord and emotional trauma have shared this view, and then, in hindsight, have come to regret their decision. Obviously, the termination of a marital relationship is extremely stressful to all concerned. Parties must recognize, however, that the stress associated with this type of situation does not somehow relieve a party of the duty and obligation to understand and protect their interests.
 {¶ 16} In another situation, we held that neglecting legal matters because the Civ. R. 60(B) movant was too busy did not constitute excusable neglect. See D.M.G., Inc. v. Cremeans Concrete SupplyCo. (1996), 111 Ohio App.3d 134, 139-140, 675 N.E.2d 1263. Although appellant has not shown the same disregard of the legal process that was at issue in that case, similar principles apply. Again, appellant admitted that she wanted to extricate herself from the marriage as quickly as possible. If she agreed to terms that, now in retrospect, she believes failed to protect her rights, her desire to simply speed the proceedings along does not transform inexcusable neglect into "excusable neglect."
 {¶ 17} Appellant also asserts that she agreed to the dissolution and property settlement under duress. The evidence revealed that appellee was violent toward appellant the night he discovered her extramarital relationship and that he threatened suicide on at least one occasion. Appellant also testified that she was afraid of appellee prior to the divorce. Although the magistrate found duress claim credible, the trial court apparently did not. We are not persuaded that any error exists in that conclusion. The dissolution decree clearly provides that both spouses acknowledged "voluntarily" entering into the separation agreement and that they are "satisfied with its terms." Appellant's signature appears on the documents. Additionally, although appellant testified that she feared appellee, that testimony could be viewed as less than convincing. Apparently, appellant frequently returned to the marital home after she left appellee and even engaged in relations on at least two occasions.[2] These do not appear to be the actions of someone who is afraid.
 {¶ 18} We are also unpersuaded appellant established entitlement to relief under the Civ. R. 60(B)(5) "catch all" provision. Public policy favors finality of judgments. Thus, grounds to invoke this rule should be substantial and relief should be afforded only under exceptional circumstances. See Natl. City Home Loan Services, Inc. v. Gillette, Scioto App. No. 05CA3027, 2006-Ohio-2881, at ¶ 23; In re Yates, Hocking App. Nos. 05CA19 05CA20, 2006-Ohio-2761, at ¶ 21. Here, appellant has not demonstrated such grounds.
 {¶ 19} Moreover, appellant's failure to establish grounds for relief from judgment is not the only shortcoming in her motion. We agree with the trial court that appellant failed to establish a meritorious defense even if granted relief from judgment. Although appellant does not clearly delineate what her defenses would be if granted relief from judgment, it appears that she would assert (1) the unequal property division; (2) the parties had no "meeting of the minds" with respect to the separation agreement; and (3) the separation agreement failed to dispose of all of the parties' assets. We find none of these arguments availing.
 {¶ 20} First, a separation agreement in a dissolution must provide for a division of "all property." See R.C. 3105.63(A)(1). Appellant executed a written "waiver" and acknowledged that "the property division [therein] may not be exactly equal, [but] that it was equitable." Thus, it is difficult for appellant to object to a property distribution that she explicitly agreed to.
 {¶ 21} We are also not persuaded that the property distribution is grossly "inequitable" as appellant contends. Although appellee received the house, he also agreed to pay approximately $53,000 of marital debt (including $12,000 owed on the mortgage). Appellant is responsible for less than $10,000 of marital debt.[3] Again, appellant's haste to simply terminate her marriage as expeditiously as possible may have induced her to agree to terms that she now regrets.
 {¶ 22} As for appellee's 401(K) plan, we found no clear evidence to establish its value. Appellant testified that it is worth $111,000, but produced no documentation to support that claim. Even assuming that this is the correct amount, we are not persuaded that the $20,000 (or less than 1/5 of the account) to be "rolled over" to her retirement plan was particularly outlandish. Evidence indicated that appellee put appellant through nursing school and that he earned less money than she. Conceivably, these circumstances could have resulted in a spousal support award if the case had proceeded as a divorce. See R.C. 3105.18(C)(1)(b), (e) (j). Thus, a lesser property settlement may be preferable to paying spousal support.[4]
 {¶ 23} We also reject appellant's contention that no "meeting of the minds" occurred in their separation agreement. However, appellant's signature appears on the dissolution petition and settlement agreement. This indicates her agreement to the terms. She also executed a waiver of equal property distribution and the final dissolution decree. Appellant testified that several co-workers warned her to seek legal counsel to protect her property rights. Appellant further admitted at deposition that she thought the property settlement was unfair, even prior to the dissolution hearing. In light of this, it is difficult to fathom how appellant could have been unaware of her situation.
 {¶ 24} Appellant's final defense is that the separation agreement fails to dispose of all the assets. However, the separation agreement dealt with the marital residence and pension plans, both of which were the subject of most of the conflict in this case. In addition, the agreement stated that "household goods and possessions [were] already divided and [they were] satisfied with the division thereof," that each could keep "his/her own personal property," that savings and checking accounts were "already divided" and that they had no "credit union accounts and/or stocks and/or bonds" or life insurance policies with a "cash surrender value." This appears to account for the couple's property that was not explicitly contained in the agreement.
 {¶ 25} In summary, we find no abuse of discretion in the court's decision to deny appellant's Civ. R. 60(B) motion for relief from judgment. Although the motion was timely filed, appellant did not establish a basis for relief under the rule nor did she make a convincing case for a meritorious defense if granted relief. For these reasons, we hereby overrule appellant's first, third and fourth assignments of error.
 III {¶ 26} In her second assignment of error, appellant asserts that the trial court "abused its authority" by requiring her to "prove [her] claim rather than recognizing the standard of purpose of the hearing is to permit the moving party to carry its burden of persuasion . . ." (Emphasis in original.) We are unsure of the specific nature of their assertion. First, to obtain Civ. R. 60(B) relief, a litigant must establish appropriate grounds for relief and meritorious claims or defenses. Here, the court properly required appellant to make that showing. Second, to the extent that appellant's argument may be based on something that the trial court may have orally stated at the hearing, we note that a court speaks only through its journal and not by oral pronouncement. See Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382,667 N.E.2d 1194, 1196; State v. King (1994), 70 Ohio St.3d 158, 162,637 N.E.2d 903, 906. We find no information in the record concerning this point. Thus, we hereby overrule appellant's second assignment of error
 {¶ 27} Accordingly, having reviewed all of the errors assigned and argued in the briefs, and after finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] The separation agreement provided, inter alia, that appellee would "rollover" $20,000 from his 401(K) plan to his "wife's IRA." To that end, appellant sought assistance to draft a QDRO to accomplish the "rollover."
[2] Appellee testified that he had relations with his wife four times after she left him. Appellant admitted to only two. Even then, she claims that the appellee plied her "with liquor" for the sole purpose of taking advantage of her. A next-door neighbor, Ted Dane, testified that he saw appellant at the house with appellee "a lot of times" after appellant had "left."
[3] Appellant estimated that the marital residence is worth $120,000.
[4] Appellee testified that during the final dissolution hearing, the trial court informed him that he might be entitled to spousal support in light of his income disparity with appellant.