[Cite as *Said v. Admr., Bur. of Workers' Comp.*, 2014-Ohio-841.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TINA R. SAID (Deceased), | : | APPEAL NO. C-130355 |
| | | C-130360 |
| and | : | TRIAL NO. A-1006028 |
| STEVEN M. SAID (Widower/Claimant), | : | |
| | | *O P I N I O N.* |
| | : | |
| Plaintiffs-Appellees/Cross-Appellants, | : | |
| vs. | : | |
| ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| | : | |
| Defendant-Appellant/Cross-Appellee, | : | |
| and | : | |
| BLUE CHIP 2000 COMMERICAL CLEANING, | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part and Reversed in Part

Date of Judgment Entry on Appeal:  March 7, 2014

*Manley Burke, LPA*, and *George F. Moeller*, for Plaintiffs-Appellees/Cross-Appellants,

*Michael DeWine*, Attorney General, and *Thomas J. Straus*, Assistant Attorney General, for Defendant-Appellant/Cross-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

## I. Factual Background

{¶1}    Plaintiff-appellee/cross-appellant Tina Said was injured in an industrial accident at her place of employment.  She committed suicide on December 21, 2005, as a result of depression arising from her injury.   Her husband, plaintiff-appellee/cross-appellant Steven M. Said, filed an application for death benefits.    Defendant-appellant/cross-appellee the administrator of the Bureau of Workers' Compensation ("the bureau") assigned Steven's application the same claim number as Tina's, and granted it because Tina's suicide was a direct and proximate result of her workplace accident.

{¶2}    Subsequently, the bureau filed a motion alleging that Steven was not living with Tina at the time of her death, as he had claimed in his application for benefits. It sought a finding of fraud, termination of the death benefits, and a finding of overpayment related to the benefits Steven had already received.  The Industrial Commission granted the bureau's motion, terminated the death benefits, and found that Steven had been overpaid by $76,759.28.

{¶3}    Steven appealed the Industrial Commission's order to the court of common pleas.  Subsequently, the parties entered into a settlement agreement.  Under the terms of the agreement, the bureau awarded Steven $95,000.  But the agreement also provided that "[a]ny overpayment in any of the decedent's workers' compensation claims may be deducted from the amount of this settlement[.]"  On September 14, 2011, the trial court journalized an entry dismissing the case.  The bureau then issued Steven a check for $18,240.72, which was the settlement amount of $95,000 less the overpayment of $76,759.28.

{¶4}    Subsequently, Steven filed a Civ.R. 60(B) motion for relief from judgment in which he alleged that there had been no "meeting of minds" in the drafting of the settlement agreement.  He argued that Tina's workers' compensation claim was separate from his claim for death benefits and that he had never agreed to have the alleged overpayment deducted

from the settlement award of $95,000. He also filed a motion to enforce the settlement agreement, in which he contended that the bureau should have paid him the $95,000 "less any overpayment made in the claim of the decedent – Tina Said."

{¶5} The trial court granted Steven's Civ.R. 60(B) motion because "there was no meeting of the minds as to the executed Settlement Agreement." It denied Steven's motion to enforce the settlement agreement. Both parties have appealed the trial court's judgment.

## II. *Motion to Enforce the Settlement Agreement*

{¶6} We address Steven's cross-appeal first. In his sole assignment of error, he contends that the trial court erred in denying his motion to enforce the settlement agreement. He also argues that under the plain language of the agreement the $95,000 payment should only have been set-off against any overpayment of Tina's workers' compensation claim, not his separate claim for death benefits. We need not reach the merits of that argument, because we hold that the trial court lacked jurisdiction to enforce the settlement agreement after the filing of the entry dismissing the case.

{¶7} A trial court possesses authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit because the agreement is a binding contract. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984); *Infinite Security Solutions, LLC v. Karam Properties I., Ltd.,* 6th Dist. Lucas No. L-12-1313, 2013-Ohio-4415, ¶ 11. But a trial court loses jurisdiction to proceed when the court has unconditionally dismissed the action. *State ex rel. Rice v. McGrath*, 62 Ohio St.3d 70, 71, 577 N.E.2d 1100 (1991); *Infinite Security Solutions* at ¶ 11. The determination of whether a dismissal order is unconditional and the court is thus deprived of jurisdiction to entertain a motion to enforce a settlement agreement is dependent on the terms of the dismissal order. *Infinite Security Solutions* at ¶ 12; *Showcase Homes v. Ravenna Sav. Bank*, 126 Ohio App.3d 328, 331, 710 N.E.2d 347 (3d Dist.1998).

{¶8} This court discussed the issue in *Lamp v. Richard Goettle, Inc.*, 1st Dist. Hamilton No. C-040461, 2005-Ohio-1877. We stated:

To enforce a settlement agreement after an entry of dismissal, the terms of the settlement must be embodied in an order of dismissal or the order must contain a provision for the court's continuing jurisdiction over disputes that may arise out of the settlement. If instead the court enters a general and unconditional order of dismissal or there is a general notice of dismissal, the court cannot entertain a subsequent motion to enforce a settlement agreement.

*Id.* at ¶ 10.

{¶9} In this case, the entry of dismissal stated in its entirety: "Case settled and dismissed with prejudice by agreement of the parties. No record. Costs are to be paid by the Plaintiff." Because the trial court's entry of dismissal was unconditional, the trial court did not have jurisdiction to enforce the settlement agreement.

{¶10} Steven argues that because the dismissal entry referred to the settlement agreement, it was not unconditional. We disagree. The entry does not actually refer to the settlement agreement. It says only that the case had been settled. But, even if it actually referred to the agreement, this court specifically stated in *Lamp* that unless the entry of dismissal contains the terms of the agreement or specifically retains jurisdiction to enforce the settlement agreement, the trial court has no jurisdiction to enforce it. *But see Infinite Security Solutions* at ¶ 13-16; *State ex rel. Spies v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0033, 2009-Ohio-3844, ¶ 47. Consequently, we overrule Steven's sole assignment of error.

{¶11} In a related matter, the bureau argues in its second assignment of error that because the dismissal was unconditional, the trial court had no jurisdiction to "set aside" the settlement agreement. Essentially, it argues that the trial court did not have jurisdiction to consider Steven's Civ.R. 60(B) motion for relief from judgment. But, in *Lamp*, this court specifically stated that "[w]here there is a general order or notice of dismissal, the party seeking enforcement of a settlement agreement must file either a new action for breach of

contract or a motion to vacate the dismissal." *Lamp* at ¶ 10. Consequently, the trial court had jurisdiction to decide Steven's motion for relief from the dismissal entry, and we overrule the bureau's second assignment of error.

### III. Civ.R. 60(B) Motion for Relief from Judgment

{¶12} In its first assignment of error, the bureau contends that the trial court erred in granting Steven's Civ.R. 60(B) motion for relief from judgment. It argues that he failed to show any of the grounds under Civ.R. 60(B)(1) through (5) justifying relief from judgment or that he had a meritorious defense. This assignment of error is well taken.

{¶13} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is timely made. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 35. The decision whether to grant relief from judgment lies within the trial court's discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Kell* at ¶ 35.

{¶14} Steven did not specify in his motion the subsection of Civ.R. 60(B) on which he relied. He argued that there was "no meeting of the minds" on the settlement agreement, a claim which does not fall within any of the grounds for relief set forth in Civ.R. 60(B)(1) through (4). He argues on appeal that his claim for relief fell under Civ.R. 60(B)(5), the "catchall provision," which allows a court to set aside a judgment for "any other reason justifying relief from judgment." *See Kell* at ¶ 36.

{¶15} The grounds for invoking Civ.R. 60(B)(5) must be substantial; it cannot be used as a substitute for the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraphs one and two of the syllabus; *Kell* at ¶ 36. Public policy favors the finality of judgments, and this case does not present the exceptional circumstances necessary to afford relief from the judgment, especially when

Steven can file a separate action challenging the settlement agreement.  *See Wine v. Wine*, 4th Dist. Hocking No. 06CA6, 2006-Ohio-6995, ¶ 18.

{¶16}  While Steven's claim may survive in another action in another jurisdiction, he is not entitled to relief from judgment in the present case.  We hold that the trial court erred in granting his Civ.R. 60(B) motion.  We sustain the bureau's first assignment of error, and reverse that part of the trial court's judgment granting Steven's Civ.R. 60(B) motion for relief from judgment.

Affirmed in part and reversed in part.

HENDON, P.J., and FISCHER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.