DAVIS, Appellant,

v.

JACKSON, Appellee.

[Cite as *Davis v. Jackson,* 159 Ohio App.3d 346, 2004-Ohio-6735.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22138.

Decided Dec. 15, 2004.

Richard J. Steinle, for appellant.

Thomas T. Mullen, for appellee.

BATCHELDER, Judge.

{¶ 1} Appellant, Barbara E. Davis, appeals from the judgment of the Akron Municipal Court that dismissed Davis's complaint and the counterclaim of appellee, Bobby L. Jackson, for lack of jurisdiction. We reverse and remand.

I

{¶ 2} In March 1997, Davis and Jackson entered into a real estate agreement whereby Jackson would make monthly payments. Jackson gave Davis a promissory note in the amount of $70,000, and Davis executed a quitclaim deed conveying the property to Jackson. According to the agreement, Jackson was initially to make 12 monthly payments in the amount of $750, and the payments were to be reduced to $570.63 thereafter.

{¶ 3} In August 1998, Jackson conveyed the property by warranty deed to a third person, who is not a party to this case. Jackson defaulted on the contract in 2001. Davis filed a complaint against Jackson in the Summit County Court of Common Pleas for defaulting on the payments.[1] Thereafter, the case was settled through court-ordered mediation, requiring Jackson to pay the arrearage of $4,621.63 and make monthly payments in the amount of $380. The common pleas court issued a final judgment entry dismissing the case.

{¶ 4} Jackson made six monthly payments thereafter but defaulted again in February 2003. Davis did not file a motion to enforce the settlement with the common pleas court prior to the court's entry of final judgment but instead filed a complaint in the Akron Municipal Court for arrearages in the amount of $4,100, plus interest and costs.[2] Jackson filed an answer and counterclaim for breach of contract. On August 18, 2003, the municipal court issued an order dismissing the case without prejudice pursuant to the parties' agreement to voluntarily dismiss the complaint and counterclaim.

{¶ 5} Thereafter, Davis filed a motion to enforce settlement in the common pleas court. The court denied the motion, stating that "[a] final judgment has been entered in this matter; therefore, the Court has no jurisdiction." Davis then refiled her complaint in the municipal court for breach of the settlement agreement. Jackson also refiled his answer and counterclaim.

{¶ 6} Thereafter, Davis filed a motion for summary judgment. Jackson filed a brief in opposition to the motion, as well as a motion to dismiss the complaint for lack of subject-matter jurisdiction.

{¶ 7} In a judgment entry dated May 6, 2004, the municipal court found that the court did not have subject-matter jurisdiction and dismissed the complaint and counterclaim. However, the court specifically reserved jurisdiction over the issue of attorney fees.

---

1. *Davis v. Jackson,* Summit C.P. No. 2001–09–4513.

2. *Davis v. Jackson,* Summit Cty. M.C. No. 3 CV 05730.

{¶ 8} On May 26, 2004, the municipal court issued a nunc pro tunc judgment entry that vacated its May 6, 2004 judgment. In this entry, however, the court once again dismissed the complaint and counterclaim for lack of subject-matter jurisdiction. The court stated that the parties had entered into a settlement agreement in the common pleas court, that each party now asserted that the other had breached the agreement that they claim omits the term of the agreement, and that the court could not reform the settlement agreement. The court again specifically reserved jurisdiction to determine the claim for attorney fees.

{¶ 9} Davis timely appealed from the municipal court's decision to this court. Thereafter, the municipal court issued an order denying attorney fees, disposing of the remaining issue in the case. Davis then filed an amended notice of appeal that included that order and asserts one assignment of error for review.

## II

### Assignment of Error

The trial court erred in dismissing the instant case sua sponte for lack of subject-matter jurisdiction.

{¶ 10} In her sole assignment of error, Davis contends that the trial court erred in dismissing the case for lack of subject-matter jurisdiction. We agree.

{¶ 11} Jackson has failed to file an appellate brief. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept [Davis's] statement of the facts and issues as presented in [her] brief as correct and reverse the judgment of the trial court if [Davis's] brief reasonably appears to sustain such action." *Bank of New York v. Smith*, 9th Dist. No. 21534, 2003-Ohio-4633, 2003 WL 22047636, at ¶ 2.

{¶ 12} Davis argues that the municipal court improperly concluded that it did not have subject-matter jurisdiction over the case. An appellate court reviews issues of law de novo. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955. A de novo review requires an independent review of the lower court's decision without deference to that court's decision. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 13} Subject-matter jurisdiction is necessary before a court can hear and decide a case upon the merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The issue of whether a court has jurisdiction over the subject matter is never waived, and a party may raise this issue at any stage of the proceedings. Civ.R. 12(H)(3); *Thrower v. Akron*, 9th Dist. No. 21153, 2003-Ohio-1307, 2003 WL 1240457, at ¶ 8.

Furthermore, the court may raise the issue sua sponte. *In re Graham,* 147 Ohio App.3d 452, 2002-Ohio-2407, 770 N.E.2d 1123, at ¶ 29.

{¶ 14} Davis did not file a motion to enforce the judgment of the common pleas court but instead filed a breach-of-contract action with the municipal court to enforce the settlement agreement. A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and is valid and enforceable by either party. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431. A settlement agreement may be enforced either through filing an independent action for breach of contract or by filing a motion to enforce the settlement in the same action pursuant to Civ.R. 15(E). *Kleinholz v. Bodnar* (May 17, 2000), 9th Dist. No. 19240, 2000 WL 631976, citing *Bolen v. Young* (1982), 8 Ohio App.3d 36, 37–38, 8 OBR 39, 455 N.E.2d 1316. However, a motion to enforce may be filed only prior to the entry of final judgment and is inappropriate after the trial court issues a journalized entry adjudicating all of the claims in dispute. *Frank J. Catanzaro Sons & Daughters, Inc. v. Trio Food Distrib., Inc.* (Apr. 27, 2001), 1st Dist. No. C–000584, 2001 WL 488829; *Kleinholz,* supra, citing *Hart v. Smolak* (Sept. 5, 1995), 10th Dist. No. 94APE12–1808, 1995 WL 518849.

{¶ 15} In this case, the common pleas court issued a final judgment entry stating, "The court, having been advised that the parties have reached an agreement in this case, orders this matter to be marked 'SETTLED and DISMISSED.'" The court neither incorporated the settlement agreement into its judgment entry nor indicated that it retained the jurisdiction to enforce the terms of the settlement. See *Cinnamon Woods Condominium Assn., Inc. v. DiVito* (Feb. 3, 2000), 8th Dist. No. 76903, 2000 WL 126758; *Kleinholz,* supra. Therefore, the court's dismissal was unconditional. See id. A trial court loses authority to proceed and loses jurisdiction over an entire case, including the settlement agreement, in a case after it unconditionally dismisses it. *Kleinholz,* supra, citing *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100. Thus, because the common pleas court unconditionally dismissed the case, it lost the jurisdiction to take any further action in the case.

{¶ 16} Davis's recourse at that point was to file a separate breach-of-contract claim to enforce the settlement, which she did. See *Frank J. Catanzaro Sons & Daughters, Inc.,* supra. Davis asserts that the parties did not request the court to reform the agreement but simply asserted claims for breach of the settlement agreement. Because Davis requested money damages of less than $15,000, the municipal court had the jurisdiction to hear the case. See R.C. 1901.18(A)(2) and 1901.17. Therefore, it was entirely proper for Davis to have filed this claim in municipal court.

{¶ 17} Based upon the foregoing, we find that municipal court erred in dismissing the case for lack of subject-matter jurisdiction. Accordingly, Davis's sole assignment of error is sustained. We remand the case to the municipal court for further proceedings consistent with this decision.

## III

{¶ 18} Davis's sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

CARR, P.J., and SLABY, J., concur.