DECISION.
{¶ 1} Plaintiffs-appellants, William Lamp and Melissa Lamp, appeal the judgment of the Hamilton County Court of Common Pleas granting a motion to enforce a settlement agreement filed by defendant-appellee, Richard Goettle, Inc., ("Goettle") in an action arising from a workplace injury. For the following reasons, we reverse the trial court's judgment.
 The Lamps' Three Claims {¶ 2} In 1999, William Lamp was injured while working as a crane operator. As a result of his injuries, he pursued three separate actions: (1) an intentional-tort action filed in the Hamilton County Court of Common Pleas under case number A-0001745; (2) a claim for benefits filed with the Ohio Bureau of Workers' Compensation; and (3) a Violation Safety Standard Recommendation (VSSR) claim with the Ohio Industrial Commission.
 {¶ 3} With respect to the intentional-tort action, the Lamps named as defendants Goettle, International Construction Equipment, Inc., JM Hydraulic Service, Inc., and ICE Northeast, Inc. The defendants then filed a number of cross-claims.
 The Dismissal and the Appeals {¶ 4} In November 2001, the Lamps filed a notice of voluntary dismissal of their claims against all defendants under Civ. R. 41(A). They filed a second notice of voluntary dismissal in June of 2002, adding that the dismissal of their claims against all defendants was with prejudice.
 {¶ 5} In neither notice of dismissal did the parties or the court note that the claims had been voluntarily settled. The court did not issue an entry incorporating a settlement agreement and did not retain jurisdiction to enforce any settlement agreement.
 {¶ 6} In October 2003, Goettle filed a motion to enforce a settlement agreement and release. Goettle appended a copy of the settlement agreement to its motion. In the motion, Goettle asked the court to bar the Lamps from pursuing any claim against Goettle arising from William Lamp's injuries and specifically requested the court to enforce the settlement agreement with respect to the VSSR claim.
 {¶ 7} In March 2004, the trial court granted Goettle's motion to enforce the settlement agreement. The Lamps appealed the granting of the motion. But this court dismissed that appeal on the basis that the granting of the motion was not a final appealable order due to the remaining cross-claims.
 {¶ 8} On July 7, 2004, the trial court added Civ.R. 54(B) language to the judgment granting the motion, and the Lamps again appealed the judgment.
 Civ.R. 41(A) and the Trial Court's Jurisdiction {¶ 9} In their first assignment of error, the Lamps argue that the trial court erred in granting Goettle's motion to enforce the settlement agreement because the Civ.R. 41(A) dismissal divested the court of jurisdiction. We agree.
 {¶ 10} To enforce a settlement after an entry of dismissal, the terms of the settlement must be embodied in an order of dismissal or the order must contain a provision for the court's continuing jurisdiction over disputes that may arise out of the settlement.[1] If instead the court enters a general and unconditional order of dismissal or there is a general notice of dismissal, the court cannot entertain a subsequent motion to enforce a settlement agreement.[2] Where there is a general order or notice of dismissal, the party seeking enforcement of a settlement agreement must file either a new action for breach of contract or a motion to vacate the dismissal.[3]
 {¶ 11} In the case at bar, the trial court did not incorporate the settlement agreement into an order of dismissal and did not reserve jurisdiction over disputes relating to the settlement agreement. The only document that was journalized was the Lamps' unconditional, general notice of dismissal. Therefore, the court did not have jurisdiction to entertain Goettle's motion to enforce the agreement.
 {¶ 12} Goettle argues, though, that the pendency of the cross-claims gave the trial court continuing jurisdiction over the litigation, including any dispute over the enforcement of the settlement agreement. Goettle cites this court's dismissal of the first appeal for the proposition that the litigation had not been terminated by the dismissal of the Lamps' claims against the defendants.
 {¶ 13} We are not persuaded by Goettle's argument. Even though the court continued to have jurisdiction over the cross-claims, the Lamps had ceased to be involved in the litigation after the filing of the Civ.R. 41(A) notice of dismissal. The Lamps had no interest in the manner in which the defendants allocated liability among themselves, and the pendency of the cross-claims did not affect the Lamps' legal rights in any way. The existence of the cross-claims did not give the trial court continuing jurisdiction with respect to the Lamps' claims, and the trial court erred in granting the motion to enforce the settlement. The first assignment of error is sustained.
 {¶ 14} In their second and final assignment of error, the Lamps contend that the trial court erred in enforcing the settlement agreement with respect to the VSSR claim, because only the Ohio Industrial Commission had jurisdiction over the claim. Having held that Goettle did not properly invoke the jurisdiction of the trial court by its filing of the motion to enforce the agreement, we need not address this assignment on its merits, because it has been rendered moot.
 Conclusion {¶ 15} The first assignment of error is sustained. Because the court did not have jurisdiction to enforce the settlement agreement, the trial court's judgment is reversed and its enforcement order is rendered a nullity.
Judgment reversed.
Gorman and Painter, JJ., concur.
[1] Grace v. Howell, 2nd Dist. No. 20283, 2004-Ohio-4120, at ¶ 12, citing Kokkonen v. Guardian Life Ins. Co. of America (1994), 511 U.S. 375,114 S.Ct. 1673, and 15 American Jurisprudence 2d. (2004), Compromise and Settlement, Section 49.
[2] Id.; Morgan v. Hughes, 8th Dist. No. 82916, 2004-Ohio-637, at ¶ 14; Tabbaa v. Koglman, 149 Ohio App. 3d 373, 2002-Ohio-5328,777 N.E.2d 338, at ¶ 29.
[3] Grace, supra, at ¶ 12. See, also, Davis v. Jackson,159 Ohio App.3d 346, 2004-Ohio-6735, 823 N.E.2d 941, at ¶ 16.