Mr. David Ferguson Interim Director Bureau of Legislative Research State Capitol, Room 315 Little Rock, Arkansas 72201.
Dear Mr. Ferguson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to deny release of a document entitled "Release and Settlement Agreement" under the FOIA is consistent with the provisions of that Act. Specifically, you relate the following information concerning this issue:
 I have received a Freedom of Information Act (FOIA) request pertaining to an employee's termination of employment with the Bureau of Legislative Research (BLR). As the BLR's custodian of records, I have identified the enclosed document titled "Release and Settlement Agreement" (Agreement) as being comprehended by this FOIA request. The Agreement was executed by the employee and the co-chairs of the Arkansas Legislative Council (ALC) and their action was authorized by the Arkansas Legislative Council. Under the terms of paragraph V of the Agreement, the BLR is required to obtain an AG's opinion whether the Agreement is a personnel record exempt from disclosure under the FOIA before making the Agreement available for inspection and copying.
 Because the co-chairs of the ALC executed this Agreement, I believe that this document may fall within the FOIA exemption for the "unpublished memoranda, working papers, and correspondence of . . . members of the General Assembly". See A.C.A. § 25-19-105(b)(7) (Supp. 2005). In addition, I have determined that the Agreement is a personnel record and that its disclosure could be an unwarranted invasion of the employee's privacy. See A.C.A. § 25-19-105(b)(12). That the General Assembly concurs in this conclusion is implicit from the ALC's approval of the Agreement, particularly those terms in paragraph V.
 For these reasons, I have concluded that the Agreement is exempt from disclosure under the FOIA. Nevertheless, on behalf of the BLR and the ALC, I am requesting that you issue an opinion under A.C.A. § 25-19-105(c)(3)(B) as to whether the enclosed Agreement is exempt from disclosure under the FOIA.
RESPONSE
In my opinion, the "Release and Settlement Agreement" you have enclosed is subject to inspection and copying under the FOIA.
My predecessor recently addressed the public nature of similar documents in two separate opinions issued to custodians at the Bureau of Legislative Research. See Ops. Att'y Gen. 2006-225 and 2006-048. Most recently, in Op. Att'y Gen. 2006-225, issued to you on January 3, 2007, my predecessor concluded that a number of documents in the personnel file of a former BLR employee were subject to inspection and copying under the FOIA. That Opinion set out the applicable test to be applied in determining whether the release of particular documents would constitute a "clearly unwarranted invasion of personal privacy" under the A.C.A. § 25-19-105(b)(12) "personnel records" exemption. I will not restate that lengthy analysis here, but will refer you to that Opinion for the applicable test. Opinion 2006-225 indicated that "contracts or agreements related to an employee's separation from employment" and "documents related to any compensation a former employee receives in addition to their regular paycheck" were "personnel records," and were subject to inspection and copying under the FOIA because their release would not constitute a "clearly unwarranted invasion of personal privacy" under the A.C.A. § 25-19-105(b)(12) "personnel records" exemption. See also, Op. Att'y Gen. 88-078 (contract settlement agreement between former superintendent of schools and school district is subject to disclosure). In my opinion these conclusions are applicable to the document you have enclosed with your request as well.
In addition, in Op. Att'y Gen. 2006-225, my predecessor footnoted the provisions of A.C.A. § 25-18-401 as bearing upon the release of such documents. See Op. Att'y Gen. 2006-225, n. 3. This statute is of particular relevance to your current request, because your current request specifically involves the public or non-public nature of a settlement agreement. Section 25-18-401 provides as follows:
 No public official or employee acting in behalf of a governmental agency or another agency wholly or partially supported by or expending public funds shall:
 (1) Agree or authorize another to agree that all or part of a litigation settlement agreement to which the agency is a party shall be kept secret, sealed, or otherwise withheld from public disclosure; or
 (2) Seek a court order denying public access to any court record or other document containing the terms of a settlement agreement resolving a claim by or against the agency.[1]
The emergency clause adopted as a part of this measure stated that:
 It is the public policy of this State that public business be performed in an open and public manner so that electors are advised of the performance of public officials and of the decisions reached in public activity. Unless specifically authorized by law, no public official or employee is empowered to promise confidentiality regarding agreements that are in the public domain. To ensure that this public policy is fully carried out, an emergency is declared to exist, and this Act being necessary for the preservation of the public peace, health, and safety, shall take effect and be in full force from and after its passage and approval.
Acts 1991, No 781, § 7.
Recognized commentators on the FOIA have stated with regard to this provision that:
 [Settlement] agreements surely "constitute a record of the performance or lack of performance of official functions" and thus fall within the FOIA's definition of public records. [Footnotes omitted.] This statute seems designed to ensure that they will remain open to the public by prohibiting agencies from entering into confidentiality agreements or obtaining court orders shielding them from public scrutiny.
Watkins and Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press 4ed 2004) at 212.[2]
Section 25-18-401 of the Arkansas Code does not speak directly to the release or non-release of such agreements pursuant to an FOIA request. It focuses instead on prohibiting public officials from agreeing to seal or seeking court orders to seal such records.[3] The statute above, however, indicates a strong public interest in the information contained in settlement agreements entered into by entities subject to the FOIA. After a review of the document you have enclosed with your request, I can perceive no privacy interest under the "personnel records" exemption found at A.C.A. § 25-19-105(b)(12) that would overcome this strong public interest in disclosure. In my opinion, therefore, the release of the "Release and Settlement Agreement" you have enclosed would not amount to a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(12).[4]
You also base your decision to deny release of the document in question on A.C.A. § 25-19-105(b)(7), which exempts from disclosure "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, Court of Appeals Judges, and the Attorney General."[5] You state that this exemption may apply "because the co-chairs of the ALC executed this Agreement. . . ." As I stated in Op. Att'y Gen. 2006-225, n. 2, however, ". . . [m]y predecessors have previously indicated and I agree, that this exemption is of limited applicability in the context of personnel records." Id. at 3, n. 2, citing Ops. Att'y Gen. 2005-294 and 98-234. As was stated in Op. Att'y Gen. 2005-294:
 . . . not all documents and e-mails in the offices of the state officials listed in A.C.A. § 25-19-105(b)(7) are exempt under that provision. The question of what documents and e-mails would not be covered by the exemption would of course have to be developed on a case-by-case basis, with reference to all the attendant facts. Previously mentioned examples include certain employment-related records, the release of which are covered by separate provisions of the FOIA (A.C.A. § 25-19-105(b)(12) and (c)(1)) and "certain types of fiscal records held by most state agencies. . . ." Op. Att'y Gen. 2002-228 at 2.
Id. at 11-12. See also Op. Att'y Gen. 98-234 ("I cannot state as a matter of law generally that all documents in the governor's possession are exempt from disclosure under the "working papers" exemption — particular when many such documents would be disclosable under the more specific provisions of the FOIA, such as the personnel records provisions").
In my opinion the fact that the "Release and Settlement Agreement" was executed by members of the General Assembly does not, standing alone, transform it into a "working paper" for purposes of A.C.A. §25-19-105(b)(7). The definition of a "working paper" remains unclear under Arkansas law. See, e.g., Op. Att'y Gen. 2005-294 (stating that "[u]nfortunately, the Arkansas Supreme Court has never squarely addressed the scope, nature, or definition of the three items listed in the (b)(7) exemption"). It is thus impossible under current law to precisely define the parameters of the exemption for "working papers." As my predecessor stated in Op. Att'y Gen. 2005-294, the question of what documents and e-mails fall outside the exemption must be developed on a case-by-case basis, with reference to all the attendant facts. In my opinion these particular facts, relating to a "Release and Settlement Agreement," do not give rise to an exemption for purposes of A.C.A. § 25-19-105(b)(7). In my opinion, the more particular provisions of the "personnel records" exemption (A.C.A. § 25-19-105(b)(12)), viewed in light of the strong public interest in the openness of settlement agreements expressed in A.C.A. § 25-18-401, undercut any attempt to classify a "Release and Settlement Agreement" as a "working paper" under A.C.A. § 25-19-105(b)(7). In my opinion, this conclusion is consistent with the principle that exemptions to the disclosure requirements of the FOIA must be narrowly construed. See, e.g., Orsini v. State,340 Ark. 665, 13 S.W.3d 167 (2000).
In my opinion, therefore, your decision is inconsistent with the FOIA and the document in question is subject to inspection and copying.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
[1] This statute refers both to a "litigation settlement agreement," (in subsection (1)), and to a "settlement agreement," (in subsection (2)). The statute is somewhat unclear as to whether it applies only in instances in which a settlement agreement resolves litigation, or whether it also applies to instances in which a settlement agreement is executed to prevent the filing of litigation. The term "settlement agreement" is sometimes defined as including contracts designed to terminate a claim by either preventing or ending litigation. See, e.g.,Davis v. Jackson, 159 Ohio App.3d 346, 823 N.E.2d 941 (2004); and In theInterest of Jane Doe, 90 Haw. 200, 978 P.2d 166 (1999). But see DiFrancesco v. Particle Interconnect Corporation, 39 P.3d 1243
(Colo.App. 2001) (a "settlement agreement" is a contract to end judicial proceedings).
[2] The authors also cite a number of decisions from sister states holding settlement agreements public records under statutes comparable to the Arkansas FOIA. Of particular interest are Thomas v. El PasoCounty Community College District, 68 S.W.3d 722 (Tex.App. 2001) (holding that the release of a settlement agreement with a "work study" community college student would not amount to a "clearly unwarranted invasion of personal privacy" under the Texas FOIA); and YakimaNewspapers, Inc. v. City of Yakima, 890 P.2d 544 (Wash.App. 1995) (holding that the release of a settlement agreement entered into with a fire chief regarding his "retirement" would not amount to an invasion of privacy under the Washington FOIA and stating that: "Other jurisdictions have considered whether settlement agreements are public records under their disclosure laws and have uniformly held they are, even when the settlement specified, as it did here, that it was to remain confidential"). Id. at 323-324.
[3] This focus may derive from the General Assembly's recognition that while it may dictate the actions of public employees with regard to the availability of such documents, it may not alone dictate the public nature of such agreements, at least where a court has jurisdiction of the controversy leading to the agreement. Cf., e.g., Arkansas BestCorporation v. General Electric Capitol Corporation, 317 Ark. 238, 878
S.W.2d 708 (1994) (trial courts have inherent authority to issue appropriate protective orders to control court records, thus the right to inspect such records is not absolute).
[4] As for your statement that the General Assembly "concurs in [your] conclusion" with regard to the unwarranted invasion of privacy, as evidenced by "the ALC's approval of the Agreement," I can only state that in my opinion the FOIA, in conjunction with A.C.A. § 25-18-401, require release of the document in question. The question of whether the release of a particular document would constitute a "clearly unwarranted invasion of personal privacy" is always a question of fact. See,e.g., Ops. Att'y Gen. 2006-182; 2006-176; 2006-171; 2006-165 and 2005-004. Although the custodian of records has the initial responsibility to make such determination under the FOIA, the ultimate arbiter of such questions is the Arkansas Supreme Court. See, e.g,Luebbers v. Money Store, Inc., 344 Ark. 232, 40 S.W.3d 745 (2001) (General Assembly's attempt to define certain transactions as non-usurious violated separation of powers doctrine, as the ascertainment of the facts of a particular case is a judicial function).
[5] You have not stated whether you believe the "Release and Settlement Agreement" constitutes an unpublished "memoranda" of a General Assembly member, "correspondence" of a General Assembly member, or a "working paper" of a General Assembly member. The Agreement is clearly not a "memorandum," or "correspondence," so I assume that you believe it may be exempt as a "working paper" of a member or members of the General Assembly.