OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Margaret Bugeja, appeals the decision of the Mahoning County Court of Common Pleas decision to grant Appellee, Sarah Luzik's, Motion to Enforce Settlement. Because the trial court had already dismissed the case with prejudice, it did not have authority or jurisdiction to grant the motion. Accordingly, the decision of the trial court is vacated.
 {¶ 2} Bugeja filed a complaint against Luzik, who was granted leave to move or plead by August 26, 2004. However, she did not file her answer until August 31, 2004. A mediation conference was scheduled by the trial court and took place on October 7, 2005. Bugeja did not appear but a mediation settlement was reached in her absence.
 {¶ 3} On October 12, 2005, the trial court issued a judgment entry dismissing the case with prejudice at defendant's cost. Luzik then filed a motion to enforce settlement on February 3, 2006 and Bugeja's counsel requested guidance from the court relative to the motion on February 17, 2006. On February 28, 2006 the trial court issued a judgment entry granting the motion to enforce settlement and calling for the issuance of two settlement checks, one to Bugeja and one to her counsel. The trial court then dismissed the case with prejudice a second time.
 {¶ 4} As her sole assignment of error, Bugeja states:
 {¶ 5} "Whether the trial court erred in ruling on Defendant/Appellee's Motion to Enforce Mediation Settlement after having previously unambiguously and unconditionally dismissed the case with prejudice, thereby divesting itself of jurisdiction in this case."
 {¶ 6} Here, Bugeja argues, and notably Luzik agrees, that the trial court did not have jurisdiction to rule upon the motion to enforce the settlement agreement because the case had already been "settled and dismissed."
 {¶ 7} A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and is valid and enforceable by either party. Continental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431. A settlement agreement may be enforced either through filing an independent action for breach of contract or by filing a motion to enforce the settlement in the same action pursuant to Civ.R. 15(E).Kleinholz v. Bodnar (May 17, *Page 3 
2000), 9th Dist. No. 19240, citing Bolen v. Young (1982),8 Ohio App.3d 36, 37-38, 455 N.E.2d 1316. However, a motion to enforce may be filed only prior to the entry of final judgment and is inappropriate after the trial court issues a journalized entry adjudicating all of the claims in dispute. Frank J. Catanzaro Sons Daughters, Inc. v. Trio FoodDistrib., Inc. (Apr. 27, 2001), 1st Dist. No. C-000584;Kleinholz, citing Hart v. Smolak (Sept. 5, 1995), 10th Dist. No. 94APE12-1808.
 {¶ 8} In this case, the common pleas court issued a final judgment entry stating, "case settled and dismissed with prejudice at defendant's cost." The court neither incorporated the settlement agreement into its judgment entry nor indicated that it retained the jurisdiction to enforce the terms of the settlement. See Cinnamon Woods CondominiumAssn., Inc. v. DiVito (Feb. 3, 2000), 8th Dist. No. 76903;Kleinholz. Therefore, the trial court's dismissal was unconditional. See id. A trial court loses authority to proceed and loses jurisdiction over an entire case, including the settlement agreement, in a case after it unconditionally dismisses it. Kleinholz, supra, citing State ex rel.Rice v. McGrath (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100. Thus, because the common pleas court unconditionally dismissed the case, it lost the jurisdiction to take any further action in the case. Davis v.Jackson (2004), 159 Ohio App.3d 346, 2004-Ohio-6735. Luzik's recourse at this point would be to file a separate breach-of-contract claim to enforce the settlement. See Frank J. Catanzaro Sons Daughters,Inc.
 {¶ 9} For the foregoing reasons, Bugeja's sole assignment of error is meritorious. Accordingly, the judgment of the trial court granting the motion to enforce judgment is vacated.
 Donofrio, J., Waite, J., concurs. *Page 1