[Cite as *Hairline Clinic, Inc. v. Riggs-Fejes*, 2011-Ohio-5894.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HAIRLINE CLINIC, INC.

    Appellee

v.

DENISE RIGGS-FEJES

    Appellant

C.A. No.    25171

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2007-03-2253

DECISION AND JOURNAL ENTRY

Dated: November 16, 2011

BELFANCE, Presiding Judge.

{¶1}   Denise Riggs-Fejes appeals from the trial court's judgment finding her in contempt of court and ordering her to pay Hairline Clinic, Inc. ("Hairline") $48,000.00 in compensatory damages, $96,000.00 in punitive damages, and Hairline's attorney fees. For the reasons set for below, we reverse in part and vacate in part.

I.

{¶2}   Ms. Riggs-Fejes was a hair technician at Hairline for over five years before she was fired on March 21, 2007, for beginning to set up her own business. That same day, Hairline filed a complaint against her, alleging that she was preparing to violate the non-compete clause in her employment contract by starting her own company. On April 19, 2007, the trial court issued a preliminary injunction against Ms. Riggs-Fejes that prohibited her from competing with Hairline anywhere in a nine-county area.

{¶3}    On December 14, 2007, Hairline filed a notice of dismissal, which dismissed its case with prejudice subject "to the continuing jurisdiction of this Honorable Court pursuant to the terms of the 'Settlement Agreement' which is attached hereto and incorporated herein by reference for all purposes." The settlement agreement did not contain any reference to the trial court's continuing jurisdiction. A second notice of dismissal was filed on April 22, 2008, that added language indicating that both parties had stipulated to the dismissal.

{¶4}    Approximately eleven months after dismissal of the lawsuit, Hairline initiated contempt proceedings alleging that Ms. Riggs-Fejes was violating the settlement agreement. The trial court held a hearing on Hairline's show cause motion on January 7, 2009, and, on February 12, 2009, the trial court issued its ruling. It found Ms. Riggs-Fejes "in contempt of the Settlement Agreement" and ordered her to pay $1500 in attorney fees and a $250 fine. Ms. Riggs-Fejes did not appeal the trial court's judgment and subsequently paid the attorney fees and fine.

{¶5}    On April 7, 2009, Hairline filed a new show cause motion and a motion to enforce the settlement agreement, alleging that Ms. Riggs-Fejes was in violation of the settlement agreement as well as the trial court's February 12, 2009, contempt order. Following a hearing, the trial court found that Ms. Riggs-Fejes violated the trial court's February 12, 2009, order by violating the settlement agreement and held her in contempt of court.

{¶6}    Ms. Riggs-Fejes appealed, but this Court dismissed her appeal for lack of a final, appealable order because the trial court's order did not specify the amount of attorney fees owed. The trial court subsequently issued a new judgment entry, and Ms. Riggs-Fejes appealed again, raising four assignments of error for review.

II.

**{¶7}** Ms. Riggs-Fejes' first three assignments of error challenge the trial court's award of compensatory and punitive damages as well as attorney fees. This Court is obligated to raise, sua sponte, questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to hear appeals only from final orders and judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; R.C. 2505.03. "If a trial court lacks jurisdiction, any order it enters is a nullity and is void." (Internal quotations and citations omitted.) *Ohio Receivables LLC v. Guice*, 9th Dist. No. 10CA009813, 2011-Ohio-1293, at ¶7. While this Court lacks jurisdiction to consider nullities, see *Miller v. Foster*, 9th Dist. Nos. 24186, 24209, 2009-Ohio-2675, at ¶10, we have inherent authority to recognize and vacate them. See *Van DeRyt v.Van DeRyt* (1966), 6 Ohio St.2d 31, 36-37.

**{¶8}** In April 2008, the parties filed a stipulated notice of dismissal of the action with the trial court. Although this notice sought to dismiss the case with prejudice subject to the continuing jurisdiction of the trial court, we must examine whether the trial court retained jurisdiction in the absence of a journal entry providing for the retention of jurisdiction.

**{¶9}** "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation which may be enforced through a separate action for breach of contract." (Internal quotations and citations omitted.) *Wochna v. Mancino*, 9th Dist. No. 07CA0059-M, 2008-Ohio-996, at ¶11. A trial court retains jurisdiction to enforce a settlement agreement following the dismissal of an action if the settlement agreement is incorporated into a judgment entry or the dismissal entry indicates that it retains jurisdiction to enforce the agreement. *Davis v. Jackson*, 159 Ohio App.3d 346, 2004-Ohio-6735, at ¶15. A court's unconditional dismissal deprives it of jurisdiction to take any further action. Id.

**{¶10}** Here, however, the trial court never issued a judgment entry of any kind; instead, the parties stipulated to the dismissal of the action. Civ.R. 41(A)(1)(b) provides that:

> "Subject to the provisions of Civ.R. 23(E) [(class actions)], Civ.R. 23.1 [(derivative actions by shareholders)], and Civ.R. 66 [(receivers)], a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a stipulation of dismissal signed by all parties who have appeared in the action."

This dismissal is without prejudice unless otherwise noted or if the dismissal is the second dismissal of the plaintiff's claim. Civ.R. 41(A)(1).

**{¶11}** Notably, Civ.R. 41(A) does not provide for the parties to stipulate to a conditional dismissal. Instead, Civ.R. 41(A) merely allows the parties to dismiss the action, which "renders the parties as if no suit had ever been filed[.]" *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 597. If the parties intend the trial court to retain jurisdiction to enforce their settlement agreement, they should seek an actual journal entry from the trial court either incorporating the settlement agreement or dismissing the case subject to its continuing jurisdiction to enforce the agreement. *Davis*, 2004-Ohio-6735, at ¶15; cf. *Lamp v. Richard Goettle, Inc.*, 1st Dist. No. C-040461, 2005-Ohio-1877, at ¶11 (holding that a general notice of dismissal under Civ.R. 41(A)(1) did not reserve jurisdiction to enforce a settlement); cf. *Kokkonen v. Guardian Life Ins. Co. of Am.* (1994), 511 U.S. 375, 381-382 (noting that, even though Fed.R.Civ.P. 41(a)(1)(ii) does not expressly allow for it, a court is likely "authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract[,] if the parties agree[]").

**{¶12}** Accordingly, since the parties dismissed the case under Civ.R. 41(A)(1)(b), the action was terminated and the trial court did not retain jurisdiction to enforce the settlement agreement. Notwithstanding, Hairline had a remedy, namely, it could file a breach of contract

action to enforce the settlement agreement. See, e.g., *Wochna* at ¶¶10-11; see, e.g., *Davis* at ¶14. Given that the trial court lacked jurisdiction to enforce the settlement agreement, to the extent that it attempted to do so, its judgment is a nullity and must be vacated. See *Ohio Receivables, LLC* at ¶7; see, also, *Van DeRyt*, 6 Ohio St.2d at 36-37. Accordingly, Ms. Riggs-Fejes' first three assignments of error are not properly before us.

{¶13} Notwithstanding the jurisdictional issue with respect to enforcement of the parties' settlement agreement, "[t]rial courts may consider collateral issues like criminal contempt * * * despite a dismissal." (Internal quotations and citation omitted.) *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, at ¶24. Thus, even though the trial court was without jurisdiction to enforce the settlement agreement, it might, nonetheless, exercise jurisdiction with respect to contempt actions. Accordingly, we consider Ms. Riggs-Fejes' fourth assignment of error, in which she argues that the trial court abused its discretion by finding her in contempt, awarding damages, and imposing a jail term.

{¶14} Contempt of court is "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, paragraph one of the syllabus.

{¶15} In Hairline's first show cause motion, it did not point to any order Ms. Riggs-Fejes had violated; rather, it contended that she was in contempt for violating the settlement agreement. As discussed above, the settlement agreement was never incorporated into an order of the court; therefore, it was merely "a contract designed to terminate a claim by preventing or ending litigation which may be enforced through a separate action for breach of contract." (Internal quotations and citations omitted.) *Wochna* at ¶11. As the settlement agreement was a

contract, and not an order of the trial court, the trial court could not find Ms. Riggs-Fejes in contempt for breaching it. Regardless, the trial court found her in contempt and ordered her to pay a $250 fine and reimburse Hairline $1500 in attorney fees. Ms. Riggs-Fejes did not appeal and paid the fine and attorney fees.

{¶16} Hairline filed a second show cause motion in April 2009, in which it contended that Ms. Riggs-Fejes was in contempt for failing to abide by the settlement agreement and the trial court's February 12, 2009, order. However, as noted above, the February 12, 2009, order only required that Ms. Riggs-Fejes pay a fine and attorney fees, which she did. It did not order her to comply with the settlement agreement.

{¶17} Throughout the contempt proceedings, Hairline seemed to suggest to the trial court that the preliminary injunction, which had been granted when Hairline had filed the action, was still actionable as an order of the court. However, the preliminary injunction was an interlocutory order of the court, and, because the parties had dismissed the action, the preliminary injunction was no longer in effect. See, e.g., *Denham*, 86 Ohio St.3d at 597. Thus, the preliminary injunction could not have formed the basis for the finding of contempt.

{¶18} Accordingly, because the record does not support a finding that Ms. Riggs-Fejes violated an order of the trial court, the trial court erred when it found her in contempt. Accordingly, we sustain Ms. Riggs-Fejes' fourth assignment of error.

III.

{¶19} The portion of the trial court's judgment finding Ms. Riggs-Fejes in contempt is reversed. To the extent that the trial court found Ms. Riggs-Fejes to have breached the settlement agreement and awarded Hairline damages on that basis, it lacked jurisdiction, and its

judgment is vacated. The judgment of the Summit County Court of Common Pleas is reversed in part and vacated in part.

Judgment reversed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

ARTHUR AXNER, Attorney at Law, for Appellee.