[Cite as *State v. Johnson*, 2019-Ohio-2024.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180063 |
| | | TRIAL NO. B-1403701 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JEREMY JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Vacated

Date of Judgment Entry on Appeal:  May 24, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher, William Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Jeremy Johnson appeals his convictions of rape and gross sexual imposition.

{¶2} In his sole assignment of error, Johnson contends, and the state agrees, that the trial court erred in issuing a resentencing entry that does not comply with this court's previous remand order. For reasons other than those set forth in the parties' briefs, we agree.

{¶3} On July 3, 2014, Johnson was indicted under the case numbered B-1403701 for two counts of rape (counts one and three), two counts of gross sexual imposition (counts two and five), and one count of unlawful sexual conduct with a minor (count four). A jury convicted Johnson of counts one, two, three, and five. The trial court sentenced Johnson to ten years to life on each of the rape convictions, to be served consecutively to each other, and to five years on each of the gross-sexual-imposition convictions, to be served concurrently with each other and with the other sentences.

{¶4} In Johnson's direct appeal, this court vacated the conviction of rape in count three and the conviction of gross sexual imposition in count five without remanding the cause to the trial court for correction of the judgment entry. The judgment was affirmed in all other respects. This court then remanded the matter to correct a clerical error in the judgment entry of a consolidated case numbered B-1405760. No new sentencing hearing was required for the case numbered B-1403701, because *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, directs the trial court to conduct a de novo review of "only the sentences for the offenses that were affected by the appealed error." The sentences for the remaining offenses, a ten-year-to-life sentence on one count of rape and a five-year

sentence on one count of gross sexual imposition, were not affected by the appealed error. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph two of the syllabus (rejecting the sentencing-package doctrine). Therefore, these sentences were not vacated but affirmed by this court.

{¶5} On September 27, 2017, Johnson appeared before the trial court regarding the remand order. With respect to the case numbered B-1403701, the present case, the following exchange took place:

Court: [T]hey already approved that the five-year sentence is concurrent to the life sentence. Alright. On the other ones –

Prosecutor: They didn't disturb counts 1 and 2, is my understanding.

Court: They already did it by their own entry. We don't have to do anything on it.

{¶6} Although correct in its statement, "[w]e don't have to do anything on it," the trial court nevertheless entered a "Re-Sentence Judgment Entry." In entering this judgment entry, the trial court acted without the jurisdiction that a remand in the case numbered B-1403701 would have conferred. Therefore, the "Re-Sentence Judgment Entry" constituted a legal nullity and is hereby vacated. *See Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7 ("If a trial court lacks jurisdiction, any order it enters is a nullity and is void. While this Court lacks jurisdiction to consider nullities, we have inherent authority to recognize and vacate them."). Johnson's original judgment entry, as vacated in part by this court on direct appeal, stands. For the sake of clarity, we point out that Johnson's aggregate sentence consists of the ten-year-to-life sentence on the conviction of rape in count one and the five-year sentence on the conviction of gross sexual imposition

in count two, to run concurrently with each other, as imposed by the trial court in its original sentencing entry.

{¶7}    The judgment of the trial court, specifically its "Re-Sentence Judgment Entry," is hereby vacated.  Johnson's assignment of error is, therefore, moot.

Judgment vacated.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.