[Cite as *R. Gibson Properties, L.L.C. v. Genmoncha, L.L.C.*, 2021-Ohio-3732.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

R. GIBSON PROPERTIES, L.L.C.,  :

    Plaintiff-Appellant,  :

                              No. 109536

    v.  :

GENMONCHA, L.L.C., ET AL.,  :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 21, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-866239

---

### *Appearances:*

Kehoe & Associates, L.L.C., Robert D. Kehoe, and Kevin P. Shannon, *for appellant.*

Allain Legal, Ltd., and Eric M. Allain, *for appellees.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Plaintiff-appellant R. Gibson Properties ("Gibson") challenges the dismissal of its claims by the Cuyahoga County Court of Common Pleas after the court found that the parties' settlement agreement was unenforceable. After a thorough review of the law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Because the underlying substantive facts of the original claims in this matter are not relevant to this appeal, only a cursory review is necessary. Gibson is an Ohio limited liability company that purchases, renovates, and sells residential properties. Gibson entered into an agreement with appellees Genmoncha, Kirk Graham, and Robert Frisco ("Genmoncha") to sell one of Gibson's properties. The property was to be sold "as is," and the agreement specifically stated that Genmoncha was waiving its right to have the property inspected prior to purchase. Prior to closing, Gibson learned from its real estate agent that Genmoncha wanted to rescind on the contract.

{¶ 3} Gibson attempted to get Genmoncha to complete the purchase of the property; however, when its demands to complete the sale were ignored, Gibson filed suit in the Cuyahoga County Court of Common Pleas against Genmoncha and its principals, Kurt Graham and Robert Frisco. Gibson's complaint asserted claims for breach of contract and tortious interference. The parties litigated the matter for over a year before reaching a settlement agreement in September 2017. As part of the settlement, Genmoncha agreed to pay $26,500 for the property.

{¶ 4} The parties advised the court of the settlement, and Gibson was to file a notice of dismissal of the case. Gibson sought two extensions to file the notice of dismissal, stating that the parties were still finalizing and signing the settlement agreement. In its journal entry of February 12, 2018, the court ordered that Gibson

was to file its notice of dismissal by February 22, 2018, or it would dismiss the case without prejudice.

{¶ 5} Gibson did not file the notice of dismissal within this timeframe, and on February 26, 2018, the court entered an order dismissing the case. The dismissal was noted to be with prejudice with the court retaining jurisdiction over the settlement.

{¶ 6} In April 2018, the parties executed an agreement wherein Gibson agreed to dismiss all claims in exchange for Genmoncha completing the purchase of the property. Genmoncha deposited the purchase price funds into escrow. Under the terms of the settlement agreement, Gibson was to transfer title within five days of the funds being deposited into escrow. Gibson did not transfer the title, and Genmoncha advised Gibson that it was in breach of the agreement. Genmoncha then filed a motion to enforce the settlement agreement.

{¶ 7} The parties attempted to still complete the transfer, but other issues occurred with regard to the title and ownership of the property, causing the title agency to advise the parties that it could no longer act as the title company and escrow agent for the transaction because there was a question as to whether Gibson was indeed the proper owner of the property.

{¶ 8} Genmoncha withdrew its motion to enforce settlement and filed a motion to terminate the settlement agreement instead. Gibson filed its own motion to enforce the settlement agreement or, alternatively, to vacate the dismissal of its claims and return the case to the court's active docket.

**{¶ 9}** Following a hearing on all motions, the trial court granted Genmoncha's motion to terminate and denied Gibson's motion to enforce the settlement agreement. The court's journal entry stated that "the settlement agreement is now unenforceable due to [Gibson]'s failure to timely transfer title of the property to Defendant Genmoncha, LLC." The trial court found that the settlement agreement was terminated due to its unenforceability caused by Gibson's material breach. The court further held that Gibson's claims should remain dismissed with prejudice. In reaching this decision, the trial court stated:

> As discussed above, the settlement agreement is unenforceable due to [Gibson's] breach. A valid settlement agreement terminates pending litigation. It would be contradictory to allow [Gibson] to breach a valid settlement agreement, and then to reopen and pursue their underlying claims. Therefore, this matter will remain dismissed with prejudice.

**{¶ 10}** Gibson then filed the instant appeal, raising one assignment of error for our review:

> The trial court erred in dismissing appellant's claims after it found the parties' settlement agreement to be unenforceable.

## II. Law and Discussion

**{¶ 11}** In its sole assignment of error, Gibson argues that the trial court erred by dismissing its claims after it found the settlement agreement to be unenforceable rather than reinstating Gibson's claims and returning the case to the active docket.

**{¶ 12}** Preliminarily, we note that Gibson argues in its reply brief that, as an alternative method of relief, this court should find that the trial court's conversion of its dismissal of its claims without prejudice to a dismissal with prejudice was

improper. Because this argument was raised for the first time in Gibson's reply brief, we asked the parties to provide supplemental briefing on the issue as to whether it was proper for the trial court to dismiss the case with prejudice following Gibson's failure to file a notice of dismissal when the prior judgment entry stated that the dismissal for such failure would be without prejudice.

{¶ 13} In its supplemental briefing, Gibson asserts, albeit without any supporting authority or explanation, that it was error for the trial court to dismiss its claims with prejudice because it was prejudicial to it.

{¶ 14} In an unsurprising response, Genmoncha asserts that the trial court was empowered with the discretion to dismiss a case, with or without prejudice, through its inherent authority to manage its docket and punish abuse of process. Genmoncha further contends that the time to appeal this issue has long passed and consideration of this issue is untimely.

{¶ 15} While we agree that a trial court has the inherent authority to manage its own docket and is empowered to dismiss a case, Civ.R. 41 requires a court to provide notice to a party before such dismissal. The notice in this matter stated that the potential dismissal would be *without* prejudice, yet the court ultimately dismissed the case *with* prejudice. It does not appear that this complied with the notice required by Civ.R. 41(B).

{¶ 16} Regardless, this argument is untimely. The case was dismissed with prejudice on February 26, 2018. Such dismissal was a final appealable order, and

Gibson did not file a timely appeal of that order. Thus, Gibson's argument regarding the dismissal without prejudice cannot be considered at this time.

{¶ 17} Returning to the arguments that are actually before us, Gibson argues that the trial court should have denied the motion to terminate the settlement agreement and reinstated Gibson's claims. While acknowledging that it was unable to find any authority directly on point, Gibson points to cases where courts determined that a settlement agreement was unenforceable and proceeded to adjudicate the underlying claims. Gibson argues that whether or not the case was previously settled should have no bearing on the merits of its underlying claims.

{¶ 18} Genmoncha asserts that the trial court properly reviewed the issues with the settlement agreement under principles of contract law. Genmoncha contends that the court determined that it had demonstrated all of the elements of a breach of a settlement agreement. Finally, Genmoncha argues that allowing a party to breach a settlement agreement and then litigate their claims would violate public policy and create absurd results.

{¶ 19} We agree with the position advanced by Genmoncha. As noted above, the trial court had already dismissed the claims. Gibson moved the court to enforce the settlement agreement, but alternatively asked the court to vacate the dismissal and reinstate its claims. In declining to dismiss and reinstate the claims, the court found that Gibson had breached the settlement agreement and that it would be unjust to reward Gibson for such a breach.

**{¶ 20}** "A trial court generally has authority to enforce settlement agreements voluntarily entered into by the parties to a lawsuit." *Royal Property Invest. Group, L.L.C. v. Bangs Hair Salon*, 8th Dist. Cuyahoga No. 101436, 2014-Ohio-5155, ¶ 11, citing *Continental W. Condominium Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). However, a trial court no longer has jurisdiction to enforce a settlement agreement when it unconditionally dismisses a case. *Id.* The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order. *Id.* at ¶ 20. "'[W]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains authority to enforce such an agreement in the event the condition does not occur.'" *Id.*, quoting *State ex rel. Northpoint Properties, Inc. v. Markus*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 20, citing *Berger v. Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623 (Aug. 18, 1994).

**{¶ 21}** In the instant matter, the trial court specifically noted in its dismissal entry, "Court to retain jurisdiction over settlement." (Emphasis deleted.) This court has consistently held that reference to a settlement in the court's dismissal entry is sufficient to retain jurisdiction over the enforcement of the settlement agreement. *Jonas v. W.P. Hickman Sys.*, 8th Dist. Cuyahoga No. 99793, 2013-Ohio-4484, ¶ 12; *Morell v. O'Donnell*, 8th Dist. Cuyahoga No. 99824, 2013-Ohio-3921, ¶ 20.

**{¶ 22}** "'[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation' which may be enforced through a separate action

for breach of contract." *Superior Piping Contrs., Inc. v. Reilly Industries, Inc.*, 8th Dist. Cuyahoga No. 90751, 2008-Ohio-4858, ¶ 14, quoting *Catanzaro Sons & Daughters, Inc. v. Trio Food Distribs., Inc.*, 1st Dist. Hamilton No. C-000584, 2001 Ohio App. LEXIS 1905, 6 (Apr. 27, 2001). *See also In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 28; *Davis v. Jackson*, 159 Ohio App.3d 346, 2004-Ohio-6735, 823 N.E.2d 941, ¶ 14 (9th Dist.). Consequently, the law of contracts applies, and a party asserting breach of a settlement agreement must establish all of the elements of a breach of contract. *See Rondy, Inc. v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21608, 2004-Ohio-835, ¶ 7.

{¶ 23} To establish a claim for breach of contract, a party must demonstrate (1) the existence of an agreement; (2) the nonbreaching party fulfilled its obligations under the agreement; (3) breach without legal justification; and (4) damages to the nonbreaching party. *Superior Piping* at ¶ 15, citing *Lawrence v. Lorain Cty. Community College*, 127 Ohio App.3d 546, 549, 713 N.E.2d 478 (9th Dist.1998).

{¶ 24} In the case sub judice, the trial court determined that Gibson breached the settlement agreement by failing to transfer title to the property within five days after Genmoncha placed the purchase money in escrow. The trial court found that, because of this breach, the settlement agreement had become unenforceable. The trial court further held that "[t]he settlement agreement is terminated due to its unenforceability caused by plaintiff's material breach."

{¶ 25} The settlement agreement contained a provision regarding severability that stated as follows:

> If any provision of this Agreement is deemed to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining provisions shall not be affected and they shall remain effective if the essential purposes of this Agreement still can be accomplished.

While the trial court granted Genmoncha's motion to terminate, the ruling was unnecessary given that, by its own terms, the settlement agreement essentially terminated once the court determined that it was unenforceable.

{¶ 26} In the event that the court declined to enforce the settlement agreement, Gibson alternatively moved the court to vacate the dismissal and reinstate the case to the active docket. This was essentially a motion for relief from judgment under Civ.R. 60(B), which we review for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 27} Although the trial court was within its discretion to consider Gibson's motion to vacate because it had already dismissed the case with prejudice, *Hill v. Briggs*, 111 Ohio App.3d 405, 676 N.E.2d 547 (10th Dist.1996), we do not find that the court abused that discretion when it denied the motion to vacate. As noted above, the trial court retained jurisdiction to enforce the settlement agreement; therefore, there was no need to vacate the judgment dismissing the case. This court has previously noted that "[c]ontinuing jurisdiction over the settlement agreement is a more efficient means of enforcing the settlement agreement than vacating the dismissal altogether that could have the effect of placing the parties back at the trial

stage, as if no settlement had been reached at all." *Royal Property*, 8th Dist. Cuyahoga No. 101436, 2014-Ohio-5155, at ¶ 23.

{¶ 28} Accordingly, the trial court acted within its properly retained jurisdiction in determining that the settlement agreement was unenforceable and refusing to vacate the dismissal. Returning the parties to their original positions simply because the settlement agreement could not be enforced was not warranted, particularly where the party seeking reinstatement of the claims was the party who breached the agreement.

## III. Conclusion

{¶ 29} The trial court did not err in denying Gibson's motion to vacate the dismissal and reinstate its claims. Gibson's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

{¶ 30} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J.,* and
LISA B. FORBES, J., CONCUR

*Judge Larry A. Jones, Sr., concurred in this Journal Entry and Opinion prior to his death on October 7, 2021.

(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. *See State v. Pembaur*, 69 Ohio St.2d 110, 430 N.E.2d 1331 (1982).)