[Cite as *B.F. v. C.F.*, 2017-Ohio-8982.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

B. F.

    Appellee

    v.

C. F.

    Appellant

C.A. No.     28671

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2014-08-2154

DECISION AND JOURNAL ENTRY

Dated: December 13, 2017

HENSAL, Presiding Judge.

{¶1} C.F. ("Father") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we vacate the journal entry denying Father's untimely objections to the magistrate's decision, and dismiss Father's appeal of the judgment entry adopting the magistrate's decision.

I.

{¶2} This appeal stems from the trial court's adoption of a magistrate's decision that granted Father and B.F. ("Mother") a divorce, calculated child support, divided marital assets, and allocated parental rights and responsibilities. The magistrate issued the decision on April 3, 2017, and the trial court adopted the decision the same day. Father then filed objections to the decision on April 18, 2017. The trial court overruled Father's objections on May 30, 2017, and this appeal followed. Father now raises three assignments of error for our review, which we have combined for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT APPORTIONED PARENTAL RIGHTS AND RESPONSIBILITIES. THE TRIAL COURT ABUSED IT DISCRETION BY SIGNIFICANTLY REDUCING FATHER'S PARENTING TIME AND OTHERWISE AWARDING PRIMARY RESIDENTIAL AND CUSTODIAL PARENTING RIGHTS TO MOTHER WHICH IS NOT IN THE BEST INTEREST OF THE CHILD.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS CALCULATION OF FATHER'S INCOME FOR CHILD SUPPORT PURPOSES. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPUTING AN IMPROPER INCOME AND EARNINGS ABILITY UPON FATHER.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN THE CALCULATION OF MARITAL PROPERTY. THE APPELLANT'S BUSINESS ASSETS WERE OVERVALUED AND THE FINAL MONETARY AWARD IN FAVOR OF THE APPELLEE CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION.

{¶3} In his first assignment of error, Father argues that the trial court abused its discretion in its allocation of parental rights and responsibilities. In his second assignment of error, Father argues that the trial court abused its discretion when it imputed income and/or earnings potential upon him, which was not supported by the evidence. In his third assignment of error, Father argues that the trial court abused its discretion in its division of marital property. As explained below, we need not address the merits of Father's arguments.

{¶4} We begin our analysis by noting that this Court is obligated to raise sua sponte questions related to our jurisdiction. *J.B. v. R.B.*, 9th Dist. Medina No. 14CA0044-M, 2015-Ohio-3808, ¶ 4, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, Inc., 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final orders and judgments, and –

in the absence of such an order – we must dismiss an appeal for lack of jurisdiction. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A). If, however, a trial court lacks jurisdiction, "any order it enters is a nullity and is void." *Ohio Receivables, LLC v. Landaw*, 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *Fifth St. Realty Co. v. Clawson*, 9th Dist. No. 94CA005996, 1995 Ohio App. LEXIS 2565, *7 (June 14, 1995). And "[w]hile this Court lacks jurisdiction to consider nullities, * * * we have inherent authority to recognize and vacate them." *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7.

{¶5} Regarding a trial court's jurisdiction, "[t]his Court has specifically held * * * that a trial court lacks jurisdiction to rule on untimely objections to a magistrate's decision when (1) the court has entered judgment on the magistrate's decision, and (2) the time for taking an appeal from the court's judgment has expired." *Zaryki v. Breen*, 9th Dist. Summit No. 27968, 2016-Ohio-7086, ¶ 18, citing *J.B.* at ¶ 8. In doing so, we explained that, "[o]therwise, a trial court would be able to reset the time to appeal the original decision well after the time for the appeal had run, a result we do not believe was intended by the rule as it would permit the trial court to retroactively alter this Court's jurisdiction." *J.B.* at ¶ 8.

{¶6} Here, as previously noted, the docket reflects that the magistrate filed her decision on April 3, 2017, and that the trial court adopted it on the same day. The decision advised the parties that any objections must be filed within 14 days per Civil Rule 53(D)(4)(e)(i) and Local Rule 27.04(A) of the Court of Common Pleas of Summit County, General Division. Without having moved for an extension of time, Father filed his objections on April 18, 2017, fifteen days after the magistrate filed her decision. The trial court then ruled upon the objections on May 30, 2017, which was after the time for taking an appeal from the court's judgment had expired. The

trial court, therefore, did not have jurisdiction to consider the untimely objections. *J.B.* at ¶ 7. As a result, its judgment entry denying Father's objections is a nullity and void, and we must vacate that decision. *Id.* at ¶ 4, 8; *Hairline Clinic, Inc.* at ¶ 7; *Zaryki* at ¶ 20 (vacating the trial court's ruling on the untimely objections to the magistrate's decision "[b]ecause more than 30 days had passed since the court issued its judgment on the magistrate's decision [and] the court lacked jurisdiction to consider the untimely objections."). Further, to the extent that Father challenges the trial court's adoption of the magistrate's decision – as opposed to the denial of his objections – his appeal is untimely and must be dismissed. *J.B.* at ¶ 7; App.R. 4(A)(1) ("[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.").

III.

{¶7} Father's appeal of the trial court's judgment entry adopting the magistrate's decision is dismissed, and the trial court's judgment entry denying Father's objections to the magistrate's decision is vacated.

Appeal dismissed in part,
and order vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

STEVEN FANNIN, Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.