[Cite as *Hall v. Silver*, 2020-Ohio-2810.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT       )

JAMES W. HALL                     C.A. No.     29445

    Appellant

    v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
JAMES R. SILVER                   AKRON MUNICIPAL COURT
                                  COUNTY OF SUMMIT, OHIO
    Appellee                     CASE No.     17-CV-01750

DECISION AND JOURNAL ENTRY

Dated: May 6, 2020

---

SCHAFER, Judge.

{¶1}    Plaintiff-Appellant, James William Hall, appeals the May 21, 2019 judgment entry of the Akron Municipal Court. For the reasons stated below, this Court affirms.

I.

{¶2}    This matter stems from Mr. Hall's dispute with his former attorney, Defendant-Appellee, James Silver. This Court discussed the facts and procedure of this case in a prior appeal:

> In the fall of 2009, Mr. Hall retained Mr. Silver to represent him in various legal matters, including the collection of a judgment lien. Mr. Hall paid Mr. Silver a retainer of $6,300 for legal representation in the collection matter. In March 2017, Mr. Hall filed a small claims action for the return of $6,000 as unearned legal fees against Mr. Silver in the collection matter.

*Hall v. Silver*, 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 2.

{¶3}    After unsuccessful attempts to serve Mr. Silver by certified mail, Mr. Hall requested service upon Mr. Silver by ordinary mail at two different addresses. The ordinary mail was

returned from one address, but not the other. *Id*. at ¶ 5. The notice and summons stated that a hearing was scheduled for June 3, 2017.

{¶4} Mr. Hall appeared for the June 3, 2017 mediation hearing, but Mr. Silver did not appear at the hearing. Consequently, the small claims magistrate conducted a default hearing pursuant to local rule. Thereafter, the magistrate issued a decision that

> recommended a judgment in favor of Mr. Hall in the amount of $6,000, plus statutory interest. The trial judge adopted the magistrate's decision and entered judgment in favor of Mr. Hall.
>
> Two weeks after the judgment, Mr. Silver filed a motion to vacate, along with an affidavit, asserting that "service was never perfected" upon him. Mr. Silver also moved for leave to file his answer and counterclaim instanter. Mr. Hall opposed both motions in writing, claiming he had proof as to why the judgment should not be vacated. The trial court held a hearing on the motion to vacate, after which it granted the motion.
>
> Additionally, the trial court granted Mr. Silver's motion for leave to file an answer and counterclaim instanter. Because Mr. Silver's counterclaim exceeded the jurisdictional limits of the municipal court, the case was ordered to be transferred to the Summit County Common Pleas Court.

*Hall*, at ¶ 6-8. In its September 6, 2017 order, the municipal court instructed Mr. Silver, pursuant to Local Rules of the Akron Municipal Court AMCR No. 24(A), to cause the case to be transferred and to pay costs for the transfer.

{¶5} In an effort to avoid transfer of the case to the common pleas court, Mr. Silver filed a motion with the municipal court seeking to amend his counterclaims to bring them within the jurisdictional limit of the municipal court. On September 18, 2017, the municipal court denied Mr. Silver's motion and again ordered Mr. Silver to transfer the case to the common pleas court. Then, on September 20, 2017, Mr. Hall submitted a filing in the municipal court moving for dismissal of the counterclaims, requesting to "keep judgment ruling" of July 13, 2017, and seeking removal of the municipal court judge on grounds of prejudice and discrimination. However, on

September 21, 2017, Mr. Hall filed a praecipe for the transfer to the common pleas court, and the municipal court docket indicates that the file was transferred to the common pleas court on September 25, 2017.

{¶6} On September 29, 2017, Mr. Hall filed a notice of appeal of the municipal court's decision granting Mr. Silver's motion to vacate the default judgment and allowing him to file an answer and counterclaim. This Court issued its decision in *Hall* on May 2, 2018, affirming the decision of the municipal court. *Id*. at ¶ 43.

{¶7} The record next reflects that on May 15, 2018, the municipal court issued a judgment entry reiterating that Mr. Silver had filed a counterclaim which exceeded the jurisdictional limits of the municipal court, the case had been ordered transferred to the common pleas court, and that the case was closed with costs divided. But then, on June 1, 2018, Mr. Hall filed a motion in the municipal court requesting a status conference and asking the municipal court to "reactivate his small claims case[.]" In addition to noting that the decision granting Mr. Silver's motion to vacate had been affirmed on appeal, Mr. Hall also claimed that the common pleas court had dismissed Mr. Silver's counterclaim. Mr. Hall asserted that the case was no longer pending in either the common pleas court or the appellate court, and therefore, the case was "back before" the municipal court.

{¶8} On June 6, 2018, the municipal court filed an entry stating as follows:

This [c]ourt granted the Defendant James Silver's motion for leave to file an answer and counterclaim instanter. Additionally, Defendant filed a counterclaim which exceeded the jurisdictional limits of the municipal court. This [c]ourt ordered this case to be transferred to the Summit Count Common Pleas Court. The [c]ourt of [c]ommon pleas granted Plaintiff's motion to dismiss Defendant's counterclaim. This [c]ourt orders this case to be transferred to [s]mall [c]laims [c]ourt to be heard by a magistrate. Therefore[,] this case is closed with costs divided equally after application of deposit.

{¶9} The matter proceeded to a hearing in the small claims division of the municipal court. The magistrate issued a decision concluding that Mr. Hall failed to establish his case by a preponderance of the evidence and recommending that judgment be entered in favor of Mr. Silver and against Mr. Hall. Mr. Hall filed an objection to the magistrate's decision. On May 21, 2019, the municipal court overruled his objections and entered judgment in favor of Mr. Silver and against Mr. Hall.

{¶10} Mr. Hall timely appealed the municipal court's judgment, raising five assignments of error for our review.

### Assignment of Error I

**The [trial] court erred in 2009 [f]ee agreement.**

### Assignment of Error II

**Trial cost erred when stating lot of missing document multiple that are missing. [sic]**

### Assignment of Error III

**Trial court erred when Appellee (state) [Mr.] Silver it was only one fee agreement signed by [Mr.] Hall and [Mr.] Silver in 2009. In court $175.00 and or out of court $175.00 flat rate. [sic]**

### Assignment of Error IV

**Trial court erred in its decision on the magistrate decision November 16, 2018.**

### Assignment of Error V

**Trial court erred by filing [j]udgment [e]ntry on missing document on appeal work to the ninth district court of appeals [S]ummit county and Ohio [S]upreme [C]ourt of Ohio.**

{¶11} Initially we note that Mr. Hall's merit brief fails in several respects to comply with App.R. 16(A). The statements of the assignments of error, the issues presented for review, the case, and the facts relevant to each assignment of error are lacking in substance or are otherwise deficient under App.R. 16(A)(3),(4),(5), and (6). Unfortunately, the argument section of Mr. Hall's merit brief is so underdeveloped that it essentially precludes any meaningful review. *See*

App.R. 16(A)(7). This Court recognizes that pro se litigants, such as Mr. Hall, "should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. Still, despite our effort to decipher cognizable arguments from Mr. Hall's assignments of error and his merit brief, the only conclusion we can reach is that Mr. Hall contests some factual findings or evidentiary issues and the trial court's adoption of the magistrate's decision. Regardless, we do not reach the merits of Mr. Hall's arguments because, as explained below, our review of the record leads us to conclude that the municipal court lacked jurisdiction to issue the judgment entry at issue on appeal.

{¶12} As we stated above, in September of 2017, prior to Mr. Hall's previous appeal from the municipal court's decision, the municipal court transferred the case to the common pleas court because Mr. Silver's counterclaims exceeded the monetary jurisdiction of the municipal court. After this Court affirmed the municipal court's decision vacating the default judgment and allowing Mr. Silver to file his answer and counterclaim, the municipal court issued its May 15, 2018 judgment entry reiterating that:

> [t]his [c]ourt granted the Defendant James Silver's motion for leave to file an answer and counterclaim instanter. Additionally, Defendant filed a counterclaim which exceeded the jurisdictional limits of the municipal court. This [c]ourt ordered this case to be transferred to the Summit County Common Pleas Court. Therefore[,] this case is closed with costs divided equally after application of deposit.

{¶13} Despite the transfer of the case to the common pleas court, Mr. Hall filed a motion in *the municipal court* on June 1, 2018, requesting a status conference. In the motion, Mr. Hall moved the municipal court to "reactivate his small claims case[.]" As support for his request, Mr. Hall noted that this Court had issued the decision in *Hall* affirming the judgment entry granting Mr. Silver's motion to vacate. Mr. Hall also claimed that "the Summit County Court of Pleas

dismissed [Mr.] Silver's counterclaim" and asserted "[a]s this case is no longer pending in Summit Common Pleas nor the Ninth District, it is back before th[e municipal court]."

{¶14} In support of his contention that the common pleas court had dismissed Mr. Silver's counterclaim, Mr. Hall attached to his motion a printout from the Summit County Clerk of Court's online docket in case number CV-2017-09-3980, as "Exhibit A:"

**Summit County Clerk of Court**

**JAMES W. HALL VS JAMES RAY SILVER**

Case Number: CV-2017-09-3980    File Date: 09/25/2017    Case Type: MONEY DUE    Judge: JASON WELLS

Home

| Parties | Dockets/Motions | Judges/Magistrates | Service |
|---|---|---|---|

Printer Friendly

| Filing Date | By Attorney | Docket Text | Document |
|---|---|---|---|
| 10/18/2017 | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served JAMES W. HALL | No Image |
| 10/06/2017 | HALL, JAMES | COURT GRANTS MOTION TO DISMISS. JT WELLS | View Document |
| 10/05/2017 | HALL, JAMES | PLAINTIFF'S MOTION TO DISMISS. | View Document |
| 10/04/2017 | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served JAMES RAY SILVER | No Image |
| 10/02/2017 | HALL, JAMES | CASE SHOULD HAVE BEEN TRANSFERRED TO COURT OF APPEALS FROM AKRON MUNICIPAL CA-28798 | No Image |
| 09/25/2017 | HALL, JAMES | NOTICE ISSUED BY CERTIFIED MAIL HALL, JAMES W. | View Document |
| 09/25/2017 | HALL, JAMES | NOTICE ISSUED BY CERTIFIED MAIL SILVER, JAMES RAY | View Document |
| 09/25/2017 | HALL, JAMES | COMPLAINT FILED/TRANSFERRED FROM AKRON MUNI 17CVI01750 | View Document |

Notably, none of the document images corresponding to the docket entries were included in Exhibit A.

{¶15} The docket entry for October 5, 2017, on Exhibit A reflects that Mr. Hall filed a "motion to dismiss" in the common pleas court while the appeal in *Hall* was still pending before this Court. A docket entry on the next day appears to indicate that the common pleas court granted the motion to dismiss. However, because the record of the common pleas court in the referenced case number—CV-2017-09-3980—is not part of the record on appeal, this Court is unable to determine the actual meaning of the docket entries listed on Exhibit A or assess the substance of

the motion to dismiss or the docket entry purporting to indicate an order granting a motion to dismiss. Consequently, Exhibit A did not substantiate Mr. Hall's representation to the municipal court that the common pleas court had dismissed Mr. Silver's counterclaim, nor did it establish that the matter was somehow before the municipal court as a result of a dismissal. Moreover, this Court is unable to discern any basis for the municipal court's decision to set the matter for a hearing and enter judgment in a case that was no longer pending before it.

{¶16} A municipal court lacks subject matter jurisdiction over any case in which the amount claimed by any party exceeds $15,000. R.C.1901.17. Civ.R. 13(J) provides "[i]n the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas." This rule "provides for certification of the *complete proceedings* involved to the court of common pleas[, and ] is a restatement of R.C. 1901.22(E)." (Emphasis added.) 1970 Staff Note 11, Civ.R. 13(J). Pursuant to R.C. 1901.22:

> (E) In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas * * *. * * *
> (G) Upon certification of any proceedings to the court of common pleas, the clerk of the municipal court shall forthwith transmit the original papers and pleadings, together with a certified transcript of the journal entries in the case, to the clerk of the court of common pleas to be filed. The bailiff shall turn over the property in his possession to the sheriff of the county to be held by him as in like cases originating in the court of common pleas. *The case shall then proceed as if it had been commenced originally in the court of common pleas.* (Emphasis added.)

{¶17} Once the municipal court ordered the case transferred to the common pleas court, the action was to be treated as if it originated in that court in accordance with R.C. 1901.22(G). Thus, after the order transferring the entire case was issued, the municipal court relinquished jurisdiction to the common pleas court. *Smith v. Cockrell*, 9th Dist. Summit No. 14916, 1991 WL

65114, *1. This Court is not aware of any authority that would permit the municipal court to assume jurisdiction in the matter after it was transferred to the common pleas court, even if the amount in controversy was subsequently reduced to an amount within the concurrent jurisdiction of both courts. *See Yousef v. Yousef*, 8th Dist. Cuyahoga No. 107453, 2019-Ohio-3656, ¶ 9, citing *Stockton Sales, Inc. v. Scott*, 2d Dist. Greene No. 89 CA 30, 1989 WL 155161, *3 ("When jurisdiction is transferred, it is transferred for all purposes. A piece meal bouncing of cases from court to court is not authorized and may provoke multiple trials and appeals.").

{¶18} Per our review, there is nothing in the record before this Court to show that the common pleas court ever dismissed Mr. Silver's counterclaim. The evidence in the record regarding the actions taken by the common pleas court is limited to a docket notation that an unspecified motion to dismiss had been filed, and subsequently granted, all while the municipal court order granting Mr. Silver's motion to vacate default judgment and for leave to file an answer and counterclaim was on appeal to this Court. Nevertheless, even assuming the common pleas court had properly dismissed the counterclaim, there is no explanation as to how such a dismissal by the common pleas court would permit the municipal court to reclaim jurisdiction over the case.

{¶19} The municipal court transferred the entire case and marked the case closed because it lacked subject matter jurisdiction. *See* R.C.1901.17; R.C. 1901.22(E); Civ.R. 13(J). After the municipal court transferred the case to the common pleas court, the case was no longer pending before the municipal court. *Cockrell* at *1; R.C. 1901.22(G). At that point, the municipal court was divested of jurisdiction and, therefore, lacked jurisdiction to proceed in the matter in order to enter judgment on Mr. Hall's claim. *See Thompson v. Hansford*, 9th Dist. Summit No. 29226, 2019-Ohio-2612, ¶ 15.

{¶20} When a trial court lacks jurisdiction, any order or judgment entered by the court is a nullity and is, therefore, void. *Ohio Receivables, LLC v. Landaw*, 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *Fifth St. Realty Co. v. Clawson*, 9th Dist. Lorain No. 94CA005996, 1995 WL 353722, *2. "'[W]hile this Court lacks jurisdiction to consider nullities, * * * we have inherent authority to recognize and vacate them." *B.F. v. C.F.*, 9th Dist. Summit No. 28671, 2017-Ohio-8982, ¶ 4, quoting *Hairline Clinic, Inc. v. Riggs–Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7. Accordingly, we conclude that the May 21, 2019 judgment entry of the municipal court is void and we vacate that order. *Id.* at ¶ 6.

### III.

{¶21} The May 21, 2019 judgment entry of the municipal court is vacated, and Mr. Hall's appeal of that order is dismissed.

Appeal dismissed,
and decision vacated.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JAMES W. HALL, pro se, Appellant.

JAMES R. SILVER, pro se, Appellee.