[Cite as *In re N.K.*, 2021-Ohio-2021.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS
                      )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: N.K.                            C.A. No.     29850

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DL 20 01 00006

DECISION AND JOURNAL ENTRY

Dated: June 16, 2021

HENSAL, Presiding Judge.

**{¶1}**    N.K. appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division.  This Court vacates in part, and reverses in part.

I.

**{¶2}**    N.K. was charged with one count of domestic violence after an altercation with his stepfather, the victim in this matter.  On May 1, 2020, the magistrate issued a decision stating:

> The Parties advised the Court that * * * an agreement has been reached to dismiss this case.  Juvenile has submitted an essay expressing his remorse and taking responsibility for his actions, and the family desires to move on from this incident.

> This case shall be DISMISSED.

**{¶3}**    That decision indicated that the assistant prosecutor and public defender were present in court, that N.K. was not present, and that the case was being dismissed with prejudice. The trial court approved the magistrate's decision the same day.  Neither party filed objections.

**{¶4}** Over one month later, on June 4, 2020, the State filed a "Motion to Vacate Sentencing[.]"[1] In it, the State argued that the trial court's "sentencing order" did not reflect the parties' plea negotiation wherein N.K. purportedly agreed to admit to the crime of disorderly conduct for admission into the diversion program in exchange for an ultimate dismissal of the case. The State also argued that – while it did not object to the ultimate outcome of the case being dismissed – it was improper for the trial court to proceed with sentencing without offering the victim the opportunity to address the court. It, therefore, requested that the trial court vacate its previous "sentencing order" and schedule a new sentencing hearing to allow the victim to address the court. The State did not produce a transcript, an affidavit, or any other evidence in support of its motion.

**{¶5}** Five days later, while the State's motion remained pending, the trial court sua sponte sealed N.K.'s juvenile record pursuant to Revised Code Section 2151.356(B)(1)(d), noting that the case had been dismissed. Over one month later, on July 16, 2020, the trial court vacated the sealing of the record, as well as its order that dismissed the case with prejudice. Regarding the latter, the trial court indicated that it vacated its disposition in the case because the victim had not been given an opportunity to be heard. N.K. filed a delayed appeal of that decision to this Court, which this Court accepted, raising two assignments of error for review. We will consider N.K.'s assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY VACATING ITS ORDER TO SEAL THE CASE.

---

[1] On appeal, the parties acknowledge that, in juvenile court, matters proceed to disposition, not sentencing.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY VACATING ITS ORDER TO DISMISS THE
CASE WITH PREJUDICE.

{¶6}     In his first assignment of error, N.K. argues that the trial court erred by sua sponte

vacating its order to seal the case.  He argues that the trial court had no authority to reconsider its

own valid, final judgment when the original order was neither void nor contained a clerical error.

He also argues that this case does not fall within one of the statutorily defined exceptions to the

sealing statute.  In his second assignment of error, N.K. argues that the trial court violated his rights

against double jeopardy when it vacated its order to dismiss the case with prejudice.

{¶7}     As this Court has stated:

this Court is obligated to raise sua sponte questions related to our jurisdiction.  *J.B.
v. R.B.*, 9th Dist. Medina No. 14CA0044-M, 2015-Ohio-3808, ¶ 4, citing *Whitaker–
Merrell Co. v. Geupel Constr. Co.*, Inc., 29 Ohio St.2d 184, 186, 280 N.E.2d 922
(1972).  This Court has jurisdiction to hear appeals only from final orders and
judgments, and—in the absence of such an order—we must dismiss an appeal for
lack of jurisdiction.  Ohio Constitution, Article IV, Section 3(B)(2); R.C.
2505.03(A).  If, however, a trial court lacks jurisdiction, "any order it enters is a
nullity and is void." *Ohio Receivables, LLC v. Landaw*, 9th Dist. Wayne No.
09CA0053, 2010-Ohio-1804, ¶ 6, quoting *Fifth St. Realty Co. v. Clawson*, 9th Dist.
No. 94CA005996, 1995 WL 353722, *2, 1995 Ohio App. LEXIS 2565, *7 (June
14, 1995).  And "[w]hile this Court lacks jurisdiction to consider nullities, * * * we
have inherent authority to recognize and vacate them." *Hairline Clinic, Inc. v.
Riggs–Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7.

*B.F. v. C.F.*, 9th Dist. Summit No. 28671, 2017-Ohio-8982, ¶ 4

{¶8}     Rule 40(D)(3)(b)(i) of the Rules of Juvenile Procedure provides that "[a] party may

file written objections to a magistrate's decision within fourteen days of the filing of the decision,

whether or not the court has adopted the decision during that fourteen-day period as permitted by

Juv. R. 40(D)(4)(e)(i)."  Regarding untimely objections to a magistrate's decision, this Court has

held that "a trial court lacks jurisdiction to rule on untimely objections to a magistrate's decision

when (1) the court has entered judgment on the magistrate's decision, and (2) the time for taking

an appeal from the court's judgment has expired." *Zaryki v. Breen*, 9th Dist. Summit No. 27968, 2016-Ohio-7086, ¶ 18; *see Matter of D.F.*, 10th Dist. Franklin Nos. 18AP-811, 18AP-813, 2019-Ohio-3710, ¶ 13 (collecting cases).

{¶9} This Court's review of the State's "Motion to Vacate Sentencing" indicates that, in substance, the motion amounted to untimely objections to the magistrate's decision. *See Schmitt v. Ward*, 9th Dist. Summit No. 28324, 2017-Ohio-4171, ¶ 5, quoting *Lungard v. Bertram*, 86 Ohio App. 392, 395 (1st Dist.1949) (acknowledging that it is the substance, not the caption, that determines a pleading or motion's operative effect). To the extent that the State attempts to classify that motion as a motion for relief from judgment, we reject that argument. The State's motion was not presented as a motion for relief from judgment below, and this Court will not consider that argument in the first instance. *See State v. Aguilar*, 9th Dist. Wayne No. 14AP0012, 2014-Ohio-5777, ¶ 7, quoting *State v. George,* 9th Dist. Wayne No. 13CA0036, 2014-Ohio-4123, ¶ 8 ("[T]his court would exceed its role as a reviewing court if it considered a[n] * * * issue that the trial court did not consider in the first instance.") (Alterations sic.).

{¶10} The trial court entered judgment on the magistrate's decision on May 1, 2020, and – by the time the State filed its motion on June 4, 2020 – the time for filing an appeal had expired. *See* App.R. 4(A)(1) (providing that parties have 30 days to appeal from a final judgment). The trial court, therefore, had no jurisdiction to rule on the State's motion. As a result, its order vacating its prior order is a nullity, and we vacate that portion of its decision. *Zaryki* at ¶ 20; *B.F.* at ¶ 4. Additionally, the trial court presumably vacated its order to seal the record based upon the fact that it vacated its order to dismiss the case with prejudice. It erred by doing so. *See State v. Kirby*, 9th Dist. Summit No. 27060, 2014-Ohio-5643, ¶ 35, quoting *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14 (providing that a trial court generally lacks authority to reconsider its own valid,

final judgments); *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, syllabus (addressing the adult record-sealing statute and holding that a court has no discretion to unseal records for purposes other than those provided in the statute). N.K.'s assignments of error are sustained.

III.

**{¶11}** N.K.'s assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is vacated in part, and reversed in part.

Judgment vacated in part,
and reversed in part.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
<u>CONCUR.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

SUSAN MANOFSKY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.