[Cite as *State v. Albertson*, 2022-Ohio-1520.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29245 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1312/1 |
| | : | |
| SHAWN ALBERTSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of May, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Shawn Albertson appeals his conviction for the following offenses: aggravated burglary, aggravated arson, felony murder, aggravated robbery, grand theft of a motor vehicle, grand theft of a firearm, and aggravated possession of drugs. Albertson's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal, and she asks permission to withdraw as counsel. Counsel did not direct our attention to any potential assignments of error. By entry filed January 21, 2022, we notified Albertson that his counsel had found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. Albertson has not filed a brief.

**Facts and Course of Proceedings**

**{¶ 2}** On April 1, 2018, Albertson trespassed inside the Dayton residence of 75-year-old Gerald Manns and stole money, a handgun, and several other items of Manns's personal property. Albertson also set fire to Manns's residence before leaving the scene and fleeing in Manns's truck. Manns was subsequently found on the basement floor of his residence; he died as a result of the fire. Thereafter, detectives tracked Albertson to a hotel room in Butler Township wherein they discovered drugs, drug paraphernalia, and several items of Manns's personal property. Albertson was arrested and charged with the aforementioned offenses. *See State v. Albertson*, 2d Dist. Montgomery No. 28722, 2021-Ohio-2125, ¶ 3 ("*Albertson I*").

**{¶ 3}** Albertson's case proceeded to a three-day jury trial in January 2020.

Following the presentation of the evidence, the jury deliberated and found Albertson guilty of all nine charges in the indictment. The trial court then held a sentencing hearing during which the trial court determined that the first six counts in the indictment, i.e., aggravated burglary, two counts of aggravated arson, two counts of felony murder, and aggravated robbery, were allied offenses of similar import that merged for sentencing. Specifically, the trial court determined that counts two and three (aggravated arson) merged with counts four and five (felony murder). The trial court further determined that count one (aggravated burglary) and count six (aggravated robbery) merged with counts two through five (aggravated arson and felony murder). The State objected to the trial court's merger determination, but it elected to have Albertson sentenced on count five, felony murder (aggravated arson/harm to person).

{¶ 4} The trial court sentenced Albertson to 15 mandatory years to life in prison for felony murder, 12 months in prison for grand theft of a motor vehicle, two years in prison for grand theft of a firearm, and 9 months in prison for aggravated possession of drugs. All of the prison terms were ordered to be served concurrently except for the two-year term for grand theft of a firearm; that prison term was ordered to be served consecutively to all the other terms. Therefore, the trial court sentenced Albertson to an aggregate term of 17 years to life in prison. The trial court also ordered Albertson to enroll in the Violent Offender Registry and the Arson Offender Registry. The trial court waived court costs, but it ordered Albertson to pay restitution in the amount of $6,347 for Manns's funeral expenses.

{¶ 5} Albertson appealed, arguing that his trial counsel provided ineffective

assistance during his motion to suppress hearing and during his trial. Albertson also argued that his convictions for aggravated burglary, aggravated arson, felony murder, and aggravated robbery were not supported by sufficient evidence and were against the manifest weight of the evidence. Albertson further claimed that the trial court had erred by failing to merge his grand theft of a firearm offense with his aggravated burglary and aggravated robbery offenses at sentencing. Finally, Albertson argued that the trial court erred by ordering him to pay restitution without first considering his present and future ability to pay as required by R.C. 2929.19(B)(5). The State filed a cross-appeal asserting that the trial court had erred by merging Albertson's aggravated burglary and aggravated robbery offenses with his aggravated arson and felony murder offenses.

{¶ 6} Ultimately, we held that the trial court erred when it merged the aggravated burglary offense with the aggravated robbery and the felony murder offenses. *Albertson I*, 2d Dist. Montgomery No. 28722, 2021-Ohio-2021, at ¶ 119. Therefore, we remanded the matter to the trial court solely for resentencing. *Id*. In all other respects, we affirmed the judgment of the trial court. *Id*.

{¶ 7} On remand, the trial court resentenced Albertson as follows: The aggravated arson, murder, and aggravated robbery counts merged (Counts II, III, IV, V, and VI), with the State still electing to proceed to sentencing on murder (Count V), and the sentence was a mandatory 15 years to life; for aggravated burglary (Count I), a sentence of seven years in prison; for grand theft of a motor vehicle (Count VII), 12 months; for grand theft of a firearm, two years; and for aggravated possession of drugs, nine months. Some of the sentenced were to run concurrently, but the sentence for grand theft of a firearm was

to run consecutively to the sentence for murder; Albertson's aggregate sentence remained 17 years to life in prison.

{¶ 8} It is from this judgment that Albertson now appeals.

**Analysis**

{¶ 9} Rather than presenting us with a potentially meritorious issue on appeal, appointed counsel for Albertson argues:

> THE TRIAL COURT DID NOT ERR WHEN SENTENCING THE DEFENDANT-APPELLANT TO SEVEN YEARS OF INCARCERATION TO BE RUN CONCURRENT WITH THE REST OF HIS SENTENCE.

{¶ 10} Upon review, we agree with appointed counsel and conclude that the trial court did *not* err when it sentenced Albertson to seven years in prison for aggravated burglary to be served concurrently to the sentences imposed for murder, grand theft of a motor vehicle, and aggravated possession. "[W]here a sentence is imposed concurrently * * *, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence. * * *" *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 10-11. Here, the trial court followed the mandate from this Court in *Albertson I* and separated aggravated burglary (Count I) from the remainder of the merged counts. The trial court's decision that the sentence for that offense should to be served concurrently to the sentences imposed for Counts V, VII, and IX was within its discretion.

{¶ 11} Furthermore, we have performed our duty to independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal

is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review included scrutiny of the entire record, including the docketed filings, the resentencing hearing transcript, and the presentence investigation report. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit.

## Conclusion

{¶ 12} Our independent review of the record reveals no non-frivolous issues for appeal. We agree with appellate counsel that Albertson's appeal is frivolous. We grant counsel's request to withdraw from representation. The judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Adam J. Arnold
Shawn Albertson
Hon. Timothy N. O'Connell